# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## McFALLS AND ALS. V. ESSEX COUNTY.

### May 8, 1884.

1. PRACTICE AT COMMON LAW—*Recitals in Record.*—Recitals in an order entered in 1874 under Code 1860, ch. 52, § 18, in a county court, that the sheriff and his sureties had been duly summoned to appear and settle the county levy account for 1869, by process duly executed on them and by an order of publication published in the county newspaper, must be taken as true, there being nothing in the record to the contrary.

2. COUNTY COURTS—*Sheriffs—Settlements.*—There is nothing in the statute (Code 1860, ch. 52, § 18), requiring sheriff to settle with the county court his account of the levies, and in the event of his failure so to do, after notice to him and his sureties. requiring the said court to proceed to settle the account, which deprives the said court of the aid of a·commissioner in making the settlement. And it is not necessary that it shall appear in the record, for whose benefit the levy was made, but after a judgment has been entered in favor of the county under said action, no other judgment can be entered in favor of individuals.

3. IDEM—*County Treasurers—Settlements.*—Under Code 1873, ch. 53, secs. 30 and 31, similar provisions apply to county treasurers.

4. APPELLATE COURT.—It is too late now and here for the first time, to object that there was in the court below no proof that the plaintiffs in error were the sureties of the sheriff, or that any official bond was ever executed by him, when the proceedings in that court purport to have been on the official bond of said sheriff and his alleged sureties, all of whom were defendants, and there is no certificate of the facts proved.

Error to judgment of circuit court of Essex county, affirming a judgment of the county court of said county, entered under Code 1860, ch. 52, § 18, against Stephens, sheriff of said county, and McFalls and others, the sureties on his official bond, for $4,912.39, the balance remaining unpaid by him on account of the county levy for 1869. To this judgment the sheriff's sure-

ties obtained from one of the judges of this court a writ of error and *supersedeas.* Opinion states the case.

*L. & C. Sands,* for the plaintiffs in error.

*T. R. B. Wright,* for the defendant in error.

LEWIS, P., delivered the opinion of the court:

The case is this: At the April term, 1875, of the county court of Essex county, the attorney for the commonwealth, on behalf of the said county, moved for a judgment in favor of the county against George E. Stephens, late sheriff of that county, and the sureties on his official bond for a certain balance, which, upon a settlement in the county court of Essex, at its October term, 1874, was ascertained to be due by Stephens on account of the county levy for the year 1869, which went into his hands for collection. The defendants appeared and moved to quash the motion on the ground of the insufficiency of notice to the defendants for a settlement of the account before the county court, and because of the failure on the part of the county court to ascertain on the settlement the names of the persons in whose favor the levy in question had been made. The motion to quash was overruled, and a special commissioner appointed to ascertain and report if any part of the levy had been paid, and if so, how much, and to whom paid. An account was duly taken and returned, and judgment rendered against the defendants for the sum of $4,912.39, the balance reported by the commissioner to be due.

The plaintiffs in error assign various errors in this judgment, of which the first and second are, that due notice was not given and served on the defendants to settle the accounts in the county court.

It appears by the record, that at the May term, 1874, of that court, an order was entered directing the sheriff and his sure-

ties to be summoned to appear on the first day of the next term
to settle with the court his account of the levy for 1869. It
does not appear, however, that any settlement was then made,
or that any steps were taken in that direction. But at the follow-
ing October term of the court an order was entered, in which it
was recited that the sheriff and his sureties, having been duly
summoned to appear and settle the county levy account, by pro-
cess duly executed on them, and by an order of publication pub-
lished in the *Tidewater Index*, and the court having proceeded
to settle the said account, ascertained the balance due by the
sheriff to be $5,945.12, subject to a credit of $944.89.

. This recital in the order that the parties had been duly sum-
moned, and in the manner recited, must be taken as true, and
disposes of the first and second assignments of error in the peti-
tion to this court.

The third assignment of error is equally unfounded. It
assails as illegal the settlement made by the county court, on
the ground that it was not made directly by the court, but
through the intervention of a commissioner. The statute, code
1860, ch. 53, sec. 18, required the sheriff to settle with the
county court his account of the levies, and in the event of his
failure to do so, it required the court, after notice to him and
his sureties, to proceed to settle the account. But there is
nothing in the statute which deprived the court of the aid of a
commissioner in making the settlement, and it was competent,
therefore, for the court to direct one of its commissioners to
settle the account and to make report to the court for its action.
Moreover, in the order of the county court, above referred to, it
is recited that the account was settled, and the balance due
ascertained, by the court; and the statement of account by
Commissioner Dangerfield, filed with the papers, purports to
be a statement of account settled before the court. The pro-
ceeding, therefore, appears to have been in accordance both with
the spirit and the letter of the statute, and in all respects regu-
lar and free from objection.

It is further objected, however, that it does not appear for

whose benefit the levy was made. It is not at all necessary that it should. The statute provided that after the balance had been ascertained by the court, if not paid as directed by the court, the county might, in its own name, upon due notice being given, move in the county or circuit court of the county for a judgment against the sheriff and his sureties for the amount of the balance so ascertained, with lawful interest thereon from the time of such settlement, and such damages in addition thereto, not exceeding fifteen per centum, as the court might deem proper. It is true that by the preceding section of the statute the right was given to any person in whose favor any sum had been ordered to be paid out of the levy, to move for a judgment on the official bond of the sheriff for the sum so levied in his favor.

But it was expressly provided that no judgment should be rendered under that section after a judgment had been obtained by the county under the 18th section, under which this proceeding was had. And the statute contemplated that a judgment for the county should embrace the whole amount due by the sheriff. The same provisions now apply to proceedings against county treasurers. Code 1873, page 520. The objection, therefore, that to affirm the judgment might subject the sheriff and his sureties to further motions for the same cause of action is without merit.

It is lastly urged that there is no proof that the plaintiffs in error were sureties of Stephens, or that an official bond was ever executed by him at all. An answer to this objection is, that the proceeding in the circuit court purports to have been founded on the official bond of Stephens, executed by him and his alleged sureties, all of whom were made defendants, and which was recited to have been duly recorded in the county court. There is no certificate of the facts proved, and no such objection was raised in the circuit court. It is now too late to raise it here, and the judgment must be affirmed.

JUDGMENT AFFIRMED.