COLEMAN, Judge.
Larry E. Samuels was convicted of driving on a suspended license, see Code § 46.2-301, and driving a motor vehicle while under the influence of alcohol (DUI) as a third offense. See Code §§ 18.2-266 and 18.2-270. Samuels contends the trial judge erred by admitting into evidence a 1987 DUI conviction order to prove a third offense and to enhance punishment. See Code § 18.2-270. He asserts that the 1987 conviction order was inadmissible because the Commonwealth failed to prove that he was represented by counsel at the 1987 proceeding. Finding no error, we affirm the conviction.
I.
Virginia State Trooper Michael Bailey responded to a report of an accident on Route 340 in Rockingham County. After an investigation, he charged Samuels with driving under the influence of intoxicants and driving on a suspended license. At trial, the Commonwealth introduced into evidence certified copies of Samuels’ prior DUI convictions. Samuels objected to the admissibility of a summons and criminal warrant for DUI from Arlington County General District Court, which was offered to prove that Samuels had been convicted of DUI in 1987 and that his license had been suspended. He argued that the Commonwealth failed to affirmatively prove that he had been represented by counsel or had knowingly waived his right to counsel at the Arlington proceeding. Samuels offered no evidence and did not testify at trial that he had not been represented by counsel at the 1987 DUI proceeding. The trial judge overruled the objection.
As to the affirmative evidence concerning representation by counsel, one side of the Arlington County warrant contains the *122 notations that Samuels pled guilty to DUI, that he was sentenced to serve thirty days in jail, with twenty-two days suspended, and that his license was suspended for six months. The name “Joe Duvall” is handwritten next to the notations pertaining to the guilty plea. In order to prove that “Joe Duvall” was an attorney and that he represented Samuels, the Commonwealth introduced a copy of a continuance form from the Arlington County General District Court dated November 12, 1986. The continuance form contained the notation “Atty Joe Duvall,” and showed an address and phone number.
Samuels asserts that the foregoing evidence is insufficient to prove that he was represented by counsel. He notes that on the front side of the warrant no attorney’s name or initials appear in the space under the pre-printed language: “ATTORNEY FOR THE ACCUSED.” Also, on the side of the warrant showing the “Judgment of the Court” appears the following pre-printed section:
[[Image here]]
Neither block is checked showing that the attorneys were present nor does a signature appear on the line for the trial judge. A handwritten date — “3-11-87”—which was the trial date, was written on the date line.
After admitting the Arlington County documents into evidence, the trial judge ruled that they established that attorney Joe Duvall had obtained continuances for Samuels and that Duvall had represented Samuels at trial. The trial judge found Samuels guilty of driving while his license was suspended and driving under the influence of alcohol as “a third offense,” in violation of Code § 18.2-270.
II.
.Code § 18.2-270 provides enhanced penalties for offenders who are convicted of a “third offense or subsequent *123 offense committed within ten years of an offense under [Code] § 18.2-266.” However, a prior, uncounseled conviction resulting in a jail sentence is “unconstitutional and cannot be used ... to ... enhance punishment for a subsequent [driving under the influence] conviction.” Griswold v. Commonwealth, 252 Va. 113, 116, 472 S.E.2d 789, 791 (1996).
The disposition of the case is controlled by our decisions in Nicely v. Commonwealth, 25 Va.App. 579, 490 S.E.2d 281 (1997), and James v. Commonwealth, 18 Va.App. 746, 446 S.E.2d 900 (1994). See also Harris v. Commonwealth, 26 Va.App. 794, 497 S.E.2d 165 (1998). “[A] previous misdemeanor conviction attended by incarceration is constitutionally offensive and may support neither guilt nor enhanced punishment for a later offense, unless the accused either waived or was represented by counsel in the earlier proceeding.” Nicely, 25 Va.App. at 583, 490 S.E.2d at 283 (citing Nichols v. United States, 511 U.S. 738, 746, 114 S.Ct. 1921, 1927, 128 L.Ed.2d 745 (1994)). However, when, as here, a prior conviction is collaterally attacked in a subsequent proceeding, “the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because ‘every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.’ ” Id. at 584, 490 S.E.2d at 283 (quoting Parke v. Raley, 506 U.S. 20, 30, 113 S.Ct. 517, 523, 121 L.Ed.2d 391 (1992)). “ ‘[E]ven when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate [for the fact finder to presume that the conviction was obtained in compliance with the defendant’s right to counsel under the Sixth Amendment and] to assign a proof burden to the defendant.’” James, 18 Va.App. at 751, 446 S.E.2d at 903 (quoting Parke, 506 U.S. at 30, 113 S.Ct. at 523). Thus, unless the defendant presents evidence rebutting the presumption of regularity, by which it may be presumed that the conviction was obtained in compliance with the defendant’s right to counsel, the Commonwealth has satisfied its burden of proving that the prior conviction was valid and, therefore, was admissible to establish a third *124 offense in order to enhance punishment. Harris, 26 Va.App. at 803-04, 497 S.E.2d at 169-70. Accordingly, because the defendant offered no evidence rebutting the presumption, the trial judge did not err by finding that the 1987 conviction was counseled and admitting it into evidence.
Although the defendant offered no evidence that he was not represented by counsel at the 1987 DUI proceeding, the trial court, nevertheless, found the evidence sufficient to affirmatively prove that the defendant was represented by counsel. Even though the trial judge could have relied solely on the presumption of regularity, we find that the additional evidence further supports the trial court’s finding that the 1987 DUI conviction, which included actual incarceration, was counseled and valid.
First, the section of the Arlington DUI warrant on which appeared the notation “Joe Duvall” was designated “Judgment of the Court,” and this was the section where the disposition of the case was noted. Also, the continuance request form contained the notation “Atty Joe Duvall” and an address and telephone number. The trial judge found that:
Joe Duvall was the counsel who got the continuance---All the adjudication of guilt as well as the sentence is on the warrant. Joe Duvall’s name appears on the warrant and Joe Duvall was the one that got the continuance on behalf of the defendant.
Here, the continuance form indicates that Joe Duvall was an attorney and apparently shows his address and telephone number. The notations on the warrant show that the case was continued several times. The record supports the inference, which the trial judge drew as fact finder, that Duvall made an appearance in the case on behalf of the defendant and obtained a continuance. The fact that the name “Joe Duvall” was written beside the judgment order section of the warrant, where the judge’s name and disposition of the case both appeared, further supports the finding that Duvall appeared at trial as counsel for Samuels. The warrant contains no notation or indication that Duvall had ever been relieved by *125 the court of his representation of Samuels or had been granted leave to withdraw.
An appellate court will not disturb a trial judge’s factual finding unless it is plainly wrong or without evidence to support it. See Smith v. Commonwealth, 17 Va.App. 68, 71, 435 S.E.2d 414, 416 (1993).
The trial judge’s factual finding that Samuels was represented by counsel was not plainly wrong or without evidence to support it. For these reasons, the trial court did not err in finding that Samuels was represented by counsel or by admitting Samuels’ prior conviction into evidence.
Accordingly, we affirm the conviction.

Affirmed.