COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Senior Judge Overton
Argued at Chesapeake, Virginia


MICHAEL CHRISTOPHER HUMPHRIES, S/K/A
  MICHAEL A. HUMPHRIES

                                                MEMORANDUM OPINION[*] BY
v.         Record No. 0282-04-1              JUDGE NELSON T. OVERTON
                                                 JANUARY 11, 2005
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                            Mark S. Davis, Judge

            Laurel A. Uhlar (St. Clair Law Firm, on brief), for appellant.

            Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


       Michael Christopher Humphries, appellant, was convicted of third offense petit larceny and

assault and battery.  He appeals and contends the trial court erred by finding that the

Commonwealth sufficiently proved that he had been previously convicted of two larceny type

offenses and contends the evidence was insufficient to support either of his convictions.  We

disagree and affirm.

                                        Facts

       Randy Silver, the meat manager at a grocery store, was cutting meat and noticed

appellant standing by the meat case.  Appellant looked at Silver, then at the steaks, then at Silver,

and then at the steaks.  Silver was suspicious, so when appellant picked up the steaks, Silver

followed him to see where he was taking the meat.  Initially, appellant put the steaks into his

cart.  When Silver confronted him as he was heading towards the front of the store, Silver

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

noticed the meat was no longer in the cart. Silver asked appellant what had happened to the meat, and appellant responded that he did not have anything and that the meat was back on the aisle. Silver asked where and explained he needed to return the meat to the meat case. Appellant said, "Naw, here it is," and lifted his shirt and pulled packages of steaks, boneless chicken and boneless pork out of his pants. As Silver tried to take appellant to the front of the store and call the police, appellant tried to get away. Appellant and Silver began wrestling and fell to the floor. Silver took appellant to the office in the rear of the store. As Silver talked to the assistant manager, appellant tried to sneak out the door. As Silver tried to grab him, appellant pushed Silver in the face and then elbowed him in the face.

At trial, appellant claimed that Silver accused him of stealing, jumped on him and ripped his shirt. Appellant claimed he told Silver he was going to sue the store because he "ain't have nothing on [him]." Appellant denied having any meat with him when the struggle with Silver began. Appellant said he had two packages of steaks, three packages of pork chops, two packages of chicken and a pack of link sausages in his grocery cart and that he left his cart and went outside to his car to get his grocery list.

<u>Proof of previous larceny type offense issue</u>

In appellant's bench trial, the Commonwealth proved that appellant had been previously convicted of two larceny type offenses, making appellant eligible for the enhanced penalty provisions of Code § 18.2-104. The Commonwealth offered into evidence two prior court orders. Commonwealth's Exhibit #4 proved that appellant was convicted of petit larceny on April 15, 2002. Commonwealth's Exhibit #5, to which appellant objected, is an order revoking appellant's probation given for his conviction on October 19, 1994 for grand larceny. Appellant contends that although the probation revocation order references the grand larceny conviction of

October 19, 1994, the order is insufficient to prove one of the two larceny type convictions needed for the enhanced punishment.

"[T]he Commonwealth is entitled to a presumption of regularity which attends the prior conviction because 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (citation omitted). Therefore, unless the defendant presents evidence rebutting the presumption of regularity, the Commonwealth has satisfied its burden of proving the prior conviction was valid, and established a third offense in order to enhance punishment. See Samuels v. Commonwealth, 27 Va. App. 119, 123-24, 497 S.E.2d 873, 875 (1998). The probation revocation order states that appellant "stands convicted of Grand Larceny on October 19, 1994 and was sentenced to the State Correctional Facility for a period of two (2) years, but the court suspended the sentence," and then states that appellant's probation is revoked due to probation violations. This document, certified by the clerk of court, was properly admitted and proved that appellant was convicted of grand larceny on October 19, 1994. Appellant did not rebut the presumption of regularity of this order. This order constituted competent evidence, as required by Code § 18.2-104, from which the fact finder could find that appellant had been previously convicted of a larceny offense. The trial court did not err by finding that this order, referencing the grand larceny conviction, was sufficient to prove a third offense in order to enhance punishment.

Moreover, appellant admitted during his testimony that he had been convicted of two prior larceny convictions. The evidence was sufficient to prove beyond a reasonable doubt that appellant committed third offense petit larceny.

Sufficiency issues

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

The fact finder believed the Commonwealth's evidence, and rejected appellant's evidence. The Commonwealth's evidence proved that appellant committed larceny when he stole meat from the store and hid it in his pants. When Silver stopped him, appellant initially said he had put the packages of meat down on another aisle, but then acknowledged that he had it and pulled the packages of meat out of his pants. Thereafter, appellant was taken to a back office. When Silver tried to stop appellant from sneaking away before the police arrived, appellant committed assault and battery when he pushed and elbowed Silver in the face. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant committed the charged offenses.

Affirmed.