COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, McClanahan and Senior Judge Bumgardner
Argued at Alexandria, Virginia


JOSE A. ACUNA

                                        MEMORANDUM OPINION* BY
v.        Record No. 1396-05-4          JUDGE RUDOLPH BUMGARDNER, III
                                             JULY 11, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
John E. Kloch, Judge

Joseph D. King, Assistant Public Defender, for appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Jose A. Acuna was convicted of driving while intoxicated -- the fourth violation within

ten years, Code § 18.2-266, driving as an habitual offender, Code § 46.2-357, and unreasonable

refusal to submit to a breath test, Code § 18.2-268.3. The defendant contends the trial court

erred by admitting his statement of refusal to take a breath test, by admitting records of two prior

driving under the influence convictions, and by admitting the Division of Motor Vehicles record

of his adjudication as an habitual offender. Finding no error, we affirm his convictions.

At approximately 1:45 a.m., Officer Charles Young saw the defendant make an illegal

right turn at a red light. The officer followed and saw the defendant twice swerve into the right

lane. The officer activated his lights, but the defendant did not stop until the officer activated his

siren. As the officer approached, the defendant opened the car door, at which point the officer

---

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

detected a strong odor of alcohol. The defendant admitted he drank five beers and his license was suspended for a prior driving under the influence conviction.

The defendant refused to perform field sobriety tests or to take a preliminary oxisensor breath test. The officer arrested the defendant and read him the form required by Code § 18.2-268.3(B) that explained the implied consent law and the consequences of refusal. The parties stipulated that without giving any Miranda warnings, the officer asked the defendant to submit to a breath test, and the defendant stated, "he was not going to take the test." The officer completed the form, checking the box that the defendant refused to take the test. He took the defendant before a magistrate, who issued a warrant for unreasonably refusing to take the test.

The defendant maintains his statement that he refused to take a breath test was a compelled, incriminating response to custodial interrogation that violated the Fifth Amendment. He argues that prior decisions holding to the contrary no longer control because an unreasonable refusal now carries criminal penalties. Thus, he concludes, the content of his statement constituted the crime of refusal.

Police can compel an individual to provide blood or breath samples without violating the Fifth Amendment. This is so because "the privilege [against self-incrimination] protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature, and that the withdrawal of blood and use of the analysis in question in this case did not involve compulsion to these ends." Schmerber v. California, 384 U.S. 757, 761 (1966).

The Fifth Amendment does not bar the government from admitting at trial a suspect's statement that he or she refused to submit to a blood-alcohol test after being lawfully stopped on suspicion of drunk driving. South Dakota v. Neville, 459 U.S. 553, 564 (1983). This is so because "police inquiry of whether the suspect will take a blood-alcohol test is not an

- 2 -

interrogation within the meaning of <u>Miranda</u>." <u>Id.</u> at 564 n.15. Admission of the defendant's statement that he refused to submit to a breath test, "after a police officer has lawfully requested it, is not an act coerced by the officer." <u>Id.</u> at 564. The defendant's statement of refusal was not produced by custodial interrogation.

The defendant maintains that the content of his statement constituted a crime. His statement merely concerned intent about a future act. The act of refusal constituted the crime, not the statement in response to the officer's question of whether the defendant would take the test. The imposition of criminal penalties for refusal to take a breath test does not transform the refusal into testimonial evidence. <u>Rowley v. Commonwealth</u>, 48 Va. App. 181, 183, 629 S.E.2d 188, 189 (2006) ("'The word "witness" in the constitutional text limits the relevant category of compelled incriminating communications to those that are "testimonial" in character.'" (quoting <u>United States v. Hubbell</u>, 530 U.S. 27, 34 (2000))).

Even considering the criminal sanction of Code § 18.2-268.3, the defendant's refusal to submit to sobriety tests is not testimonial. "[T]he 'fact of the refusal to perform tests that do not themselves constitute communicative or testimonial evidence is equally non-communicative and non-testimonial in nature.'" <u>Id.</u> at 186, 629 S.E.2d at 191 (quoting <u>Farmer v. Commonwealth</u>, 12 Va. App. 337, 341, 404 S.E.2d 371, 373 (1991)). Obtaining the defendant's answer to whether he would take the breath test did not violate the Fifth Amendment, and his statement of refusal was admissible.

The defendant contends the trial court erred in admitting court records of two prior driving under the influence convictions. He maintains the records did not prove he was represented by counsel and, thus, the convictions cannot be used to enhance his punishment.

If a prior conviction resulted in incarceration, the Sixth Amendment requires that counsel represented the defendant before the conviction can enhance punishment. "[A] previous

- 3 -

misdemeanor conviction attended by incarceration is constitutionally offensive and may support neither guilt nor enhanced punishment for a later offense, unless the accused either waived or was represented by counsel in the earlier proceeding." Nicely v. Commonwealth, 25 Va. App. 579, 583, 490 S.E.2d 281, 283 (1997); accord Samuels v. Commonwealth, 27 Va. App. 119, 123, 497 S.E.2d 873, 875 (1998).

The Commonwealth introduced a copy of the record of a 1995 conviction that a general district court clerk had certified. The warrant did not indicate whether the defendant had an attorney, but attached to it was an appearance of counsel form noting the appearance of the attorney on behalf of the defendant. The pleading was signed and dated by the attorney.

The Commonwealth also introduced a certified copy of the defendant's 1999 record of conviction in general district court. Again, the warrant did not indicate whether the defendant had an attorney, but attached to that warrant was a letter from the defendant's attorney. It was on the stationery of the attorney's firm and noted the appearance for the defendant "who is charged with Driving While Intoxicated and Habitual Offender." The attorney signed the letter.

When a prior conviction is collaterally attacked in a subsequent proceeding, "the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" Nicely, 25 Va. App. at 584, 490 S.E.2d at 283 (quoting Parke v. Raley, 506 U.S. 20, 30 (1992)); accord Samuels, 27 Va. App. at 123, 497 S.E.2d at 875. The records of the convictions in the general district court reflected an appearance by attorneys on behalf of the defendant. The Commonwealth enjoyed a presumption of constitutional regularity that the attorneys appeared at trial for the defendant. The defendant offered no evidence that the attorneys had not appeared.

Finally, the defendant challenges the admission of the record of the Division of Motor Vehicles showing he had been adjudicated as an habitual offender. The defendant maintains that the record is "akin to a testimonial affidavit by the Virginia Commissioner of Motor Vehicles" and, thus, is "testimonial hearsay" prohibited under the Confrontation Clause as decided in Crawford v. Washington, 541 U.S. 36 (2004).

While this appeal was pending, this Court decided Michels v. Commonwealth, 47 Va. App. 461, 624 S.E.2d 675 (2006), holding that an official record from an out-of-state agency was not testimonial hearsay. Michels reasoned that the record was simply a computer-generated official record "prepared in a non-adversarial setting in which 'the factors likely to cloud the perception of an official engaged in the more traditional law enforcement functions of observation and investigation of crime are simply not present.'" Id. at 465, 624 S.E.2d at 678 (quoting State v. Dedman, 102 P.3d 628, 635 (N.M. 2004)).

Michels controls this case. The DMV document was an official record of an agency of the Commonwealth. Those records are maintained as part of a governmental function, in a non-adversarial setting, and "are a neutral repository of information . . . [which] do not resemble *ex parte* examinations, 'the principal evil at which the Confrontation Clause was directed.'" Id. at 469, 624 S.E.2d at 679 (quoting Crawford, 541 U.S. at 50). The defendant's driving record was admissible pursuant to Code § 46.2-384, and its admission did not violate the Confrontation Clause.

We affirm the defendant's convictions.

Affirmed.