COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


REGGIE GATLING, S/K/A
  REGGIE A. GATLING

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0263-05-1                          JUDGE JERE M. H. WILLIS, JR.
                                                            SEPTEMBER 26, 2006
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                              Dean W. Sword, Jr., Judge

                    S. Jane Chittom, Appellate Defender (Catherine E. P. Haas, Assistant
                    Appellate Defender; Virginia Indigent Defense Commission, on
                    brief), for appellant.

                    Kathleen B. Martin, Senior Assistant Attorney General (Robert F.
                    McDonnell, Attorney General, on brief), for appellee.


        On appeal from his convictions of malicious wounding, use of a firearm, and possession of a

firearm by a convicted felon, Reggie A. Gatling contends the trial court erred (1) "in admitting the

1998 juvenile petition into evidence" and (2) "in finding that the evidence was sufficient to prove

that the appellant was guilty of possession of a firearm after having been found guilty of a

delinquent act that would be a felony if committed by an adult."

        However, in our order dated February 16, 2006, we awarded Gatling an appeal on the

limited question "[w]hether the 1998 juvenile conviction indicated appellant had counsel present at

time of conviction." We will consider only this limited question. See Parker v. Commonwealth, 42

Va. App. 358, 373, 592 S.E.2d 358, 366 (2004) (recognizing that we will consider only those

arguments presented in the petition for appeal that were granted by this Court). Furthermore, "[i]t is

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

impermissible for an appellant to change the wording of an assignment of error, 'especially when the assignment is set forth in the order of this Court awarding the appeal.'" White v. Commonwealth, 267 Va. 96, 103, 591 S.E.2d 662, 666 (2004) (quoting Hamilton Development Co. v. Broad Rock Club, Inc., 248 Va. 40, 43-44, 445 S.E.2d 140, 142-43 (1994)). Therefore, we address Gatling's arguments only as they relate to whether his 1998 juvenile conviction indicated that he had counsel present at the time of conviction. See id.

Upon consideration of the record and the arguments properly before us, we affirm the judgment of the trial court.

Background

To prove that Gatling had been found guilty as a juvenile of a crime that would have been a felony if committed by an adult, the Commonwealth introduced into evidence a certified copy of a petition from the Portsmouth Juvenile and Domestic Relations District Court (juvenile court). The petition states that Gatling's father was deceased, that his mother was Joanne Gatling, who shared his address, and that he was charged with possession of cocaine. The petition indicates that the case was set for "9/30/97." Attached to the petition is a request for appointment of counsel, dated "9/30/97," signed by Gatling and by his mother, Joanne Gatling. This document, over the stamped signature of the juvenile court judge and date "9/30/97" states the appointment of "PD" as court-appointed lawyer. The document notes "Nov 14, 1997 @ 10 am" as "next hearing date and time." The juvenile court preserved the petition and the request for appointment of counsel forms together and certified them together as a single record.

On the back of the petition, over date "3-16-98" and the stamped signature of the juvenile court judge, a handwritten note reads, "Guilty of Poss. Cocaine-1 yr. Supervised probation, 25 hrs. comm. serv. wk & counseling ordered."

Gatling testified that he was not "aware that [his juvenile conviction] was carried to [his] adult record." He presented no evidence that he had not had counsel at that conviction.

The trial court held that although the juvenile record was "not the greatest set of record keeping," it proved Gatling had been found guilty of possession of cocaine and that he had been represented by the Public Defender.

Analysis

When a prior conviction is collaterally attacked in a subsequent proceeding, the Commonwealth is entitled to a presumption of regularity regarding the prior conviction because "'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" Samuels v. Commonwealth, 27 Va. App. 119, 123, 497 S.E.2d 873, 875 (1998) (quoting Parke v. Raley, 506 U.S. 20, 30 (1992)). Therefore, "unless the defendant presents evidence rebutting the presumption of regularity, by which it may be presumed that the conviction was obtained in compliance with the defendant's right to counsel, the Commonwealth has satisfied its burden of proving the prior conviction was valid and, therefore was admissible." Id. Furthermore, we are bound by a trial court's factual findings unless they are plainly wrong or without evidence to support them. See Neal v. Commonwealth, 27 Va. App. 233, 237, 498 S.E.2d 422, 424 (1998).

Gatling offered no evidence that he was not represented by counsel in juvenile court. Although the trial court could have relied solely on the presumption of regularity, additional evidence supported its finding that Gatling's 1998 juvenile conviction was counseled.

Gatling's case in juvenile court was initially set for September 30, 1997. On that day, he and his mother requested the appointment of counsel and "PD" was appointed. The coincidence of dates and the maintenance of the documents by the juvenile court as a single record supports the conclusion that they related to the charge set forth in the petition.

The trial court reasonably recognized "PD" to refer to the Public Defender. The case was scheduled for November 14, 1997 at 10:00 a.m., but ultimately was tried on March 16, 1998. As stated in Samuels, the trial court could presume that the juvenile court and the Public Defender did their jobs properly and that the Public Defender was present on March 16, 1998 when Gatling was convicted. See Samuels, 27 Va. App. at 123, 497 S.E.2d at 875. The juvenile court order of conviction, written on the back of the petition, clearly related to the petition and included a sentence, date, and the rubber-stamped signature of the judge. At his trial on the instant crimes, Gatling admitted by inference that he had been convicted as a juvenile of possession of cocaine when he stated that he did not know that this conviction "carried" to his adult record.

The trial court's factual finding that Gatling was represented by counsel at the time of his juvenile court conviction was not plainly wrong or without evidence to support it. We will not disturb that holding. Id. at 125, 497 S.E.2d at 876.

Accordingly, we affirm the judgment of the trial court.

Affirmed.