COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Humphreys and Alston
Argued at Salem, Virginia


AMY DARE TWEEDY

MEMORANDUM OPINION[*] BY

v.      Record No. 2294-07-3          JUDGE ROBERT J. HUMPHREYS
                                      APRIL 28, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

Joseph A. Sanzone (Sanzone & Baker, P.C., on brief), for
appellant.

Karen Misbach, Assistant Attorney General (Robert F. McDonnell,
Attorney General; Joanne V. Frye, Assistant Attorney General, on
brief), for appellee.


Amy Dare Tweedy ("Tweedy") appeals her conviction for driving under the influence of

alcohol, in violation of Code § 18.2-266, her third such offense in ten years. Tweedy claims that

the trial court erred by enhancing her sentence, pursuant to Code § 18.2-270(C)(1), in light of her

two previous offenses. She argues that the Commonwealth failed to prove her second conviction

was valid. Specifically, Tweedy argues that the evidence was insufficient to prove that she had

been represented by or waived counsel or had been punished without incarceration when

convicted of the second offense.

"Code § 18.2-270 provides enhanced penalties for offenders who are convicted of a 'third

offense or subsequent offense committed within ten years of an offense under [Code]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

§ 18.2-266.'" Samuels v. Commonwealth, 27 Va. App. 119, 122-23, 497 S.E.2d 873, 875 (1998) (quoting Code § 18.2-270). "However, a prior, uncounseled conviction resulting in a jail sentence is 'unconstitutional and cannot be used . . . to . . . enhance punishment for a subsequent [driving under the influence] conviction.'" Id. at 123, 497 S.E.2d at 875 (quoting Griswold v. Commonwealth, 252 Va. 113, 116, 472 S.E.2d 789, 791 (1996)).

At trial, Tweedy sought to collaterally attack her second conviction for driving under the influence. She notes, correctly, that because she was sentenced to an active jail sentence as a result of the second conviction, she was constitutionally entitled to an attorney. See Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) ("[A] previous misdemeanor conviction attended by incarceration is constitutionally offensive and may support neither guilt nor enhanced punishment for a later offense, unless the accused either waived or was represented by counsel in the earlier proceeding."). Tweedy claimed at trial, and persists on appeal, that the Commonwealth has failed to prove that she was represented by counsel during the second prosecution. We disagree.

At trial, the Commonwealth offered two conviction orders to prove Tweedy's prior convictions for driving under the influence. The first order was dated May 25, 2000, and the second order was dated February 6, 2001. On the 2001 conviction order, under the heading "Attorneys Present," there is the following pre-printed form:

_____
□ PROSECUTING ATTORNEY (NAME)


_____
□ DEFENDANT'S ATTORNEY(NAME)

      □ NO ATTORNEY
      □ ATTORNEY WAIVED
      □ If convicted, no jail sentence will be imposed.

Both lines were left blank, and none of the boxes were checked.[1]  Tweedy claimed that the 2001

conviction order was insufficient to prove that Tweedy had been accorded her Sixth Amendment

right to counsel during that prosecution.  Thus, Tweedy argued, the second conviction could not

be used to enhance Tweedy's sentence in the present case.

However, in addition to the conviction order, the Commonwealth introduced a court

order appointing B. Leigh Drewry, Jr. to represent Tweedy in that case.  The Commonwealth

also introduced a time sheet, signed by Drewry, requesting compensation for in-court and

out-of-court services rendered during Tweedy's second prosecution.  Drewry submitted the time

sheet on February 6, 2001, the same day that the court entered the conviction order.

The trial court heard argument from both parties and found that "it's clear that Mr.

Drewry was [Tweedy's] counsel" during the 2001 prosecution.  Thus, the trial court held that the

Commonwealth had presented sufficient evidence that Tweedy's Sixth Amendment right to

counsel had not been violated.

Our analysis begins with the presumption of regularity that attaches to every prior

conviction.  In Samuels, we explained:

> when, as here, a prior conviction is collaterally attacked in a
> subsequent proceeding, "the Commonwealth is entitled to a
> presumption of regularity which attends the prior conviction
> because 'every act of a court of competent jurisdiction shall be
> presumed to have been rightly done, till the contrary appears.'"
> [Nicely, 25 Va. App. at 583, 490 S.E.2d at 283] (quoting Parke v.
> Raley, 506 U.S. 20, 30 (1992)).  "'Even when a collateral attack on
> a final conviction rests on constitutional grounds, *the presumption
> of regularity that attaches to final judgments makes it appropriate*
> [for the fact finder to presume that the conviction was obtained in
> compliance with the defendant's right to counsel under the Sixth
> Amendment and] *to assign a proof burden to the defendant.*'"
> [James v. Commonwealth, 18 Va. App. 746, 751, 446 S.E.2d 900,
> 903 (1994)] (quoting Parke, 506 U.S. at 30).  Thus, unless the
> defendant presents evidence rebutting the presumption of

---

[1] The order also sentenced Tweedy to sixty days in jail, with fifty of those days
suspended.

> regularity, by which it may be presumed that the conviction was obtained in compliance with the defendant's right to counsel, the Commonwealth has satisfied its burden of proving that the prior conviction was valid and, therefore, was admissible to establish a third offense in order to enhance punishment.

Samuels, 27 Va. App. at 124-25, 497 S.E.2d at 875 (emphasis in original) (second alteration in original).

In Samuels, we applied the presumption of regularity in affirming a conviction under facts nearly identical to the facts of this case. In that case, the Commonwealth offered a criminal warrant as proof of the defendant's previous conviction. "[O]n the front side of the warrant no attorney's name or initials appear[ed] in the space under the pre-printed language: 'ATTORNEY FOR THE ACCUSED.'" Id. at 122, 497 S.E.2d at 875. The side of the warrant showing the "Judgment of the Court," included the following pre-printed section:

ATTORNEY(S) PRESENT: ☐ COMMONWEALTH
☐ DEFENSE

Id. Both boxes were empty. Applying the presumption of regularity, we held that "because the defendant offered no evidence rebutting the presumption, the trial judge did not err by finding that the 1987 conviction was counseled and admitting it into evidence." Id. at 124, 497 S.E.2d at 875.

Here, like the defendant in Samuels, Tweedy did not present any evidence that she did not have an attorney during her previous conviction. Tweedy bases her claim solely on the fact that no attorney was listed on the conviction order. The failure of the trial judge to fill out this section of the conviction form is an *omission*. A mere omission does not qualify as a circumstance contrary to the presumption of regularity stated in Parke, 506 U.S. at 30 ("'[E]very act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" (quoting Voorhees v. Jackson, 10 Peters 449, 472 (1836))). See also, James,

- 4 -

18 Va. App. at 752, 446 S.E.2d at 904 ("A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient.").

Moreover, in addition to relying on the presumption, the Commonwealth presented additional evidence that Tweedy had an attorney during the second prosecution. The Commonwealth introduced a court order appointing B. Leigh Drewry, Jr. to represent Tweedy. That order was entered on December 21, 2000, the same day that Tweedy's arrest warrant indicates she was advised by the court of her right to counsel. The Commonwealth also introduced a time sheet, signed by Drewry, requesting compensation for in-court and out-of-court services rendered during his representation of Tweedy. Drewry submitted the time sheet on February 6, 2001, the same day that the court entered Tweedy's conviction order. The trial judge determined, as a matter of fact, that Drewry represented Tweedy. We will not disturb a trial judge's factual finding unless it is plainly wrong or without evidence to support it. See Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993). In light of the evidence presented by the Commonwealth, we cannot say that the finding that Tweedy was represented by counsel at the time of her second conviction is plainly wrong or without evidence to support it.

For these reasons, we affirm the trial court's finding that Tweedy was represented by counsel at the time of her second conviction for driving under the influence. Because she was represented, the conviction was valid and the trial court was entitled to rely on it to apply the enhanced sentencing provisions of Code § 18.2-270(C)(1). We thus affirm Tweedy's conviction.

Affirmed.