COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Powell
Argued at Richmond, Virginia


DELWIN LAMBERT ISAAC, JR.
                                            MEMORANDUM OPINION[*] BY
v.      Record No. 1635-09-2                JUDGE CLEO E. POWELL
                                               NOVEMBER 2, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Bradley B. Cavedo, Judge

            Catherine French, Supervising Assistant Public Defender
            (Office of the Public Defender, on brief), for appellant.

            Craig W. Stallard, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General, on brief), for appellee.


        Delwin Lambert Isaac, Jr. appeals from his conviction for possession of a firearm by a

convicted felon, in violation of Code § 18.2-308.2.  On appeal, Isaac contends that the evidence

was insufficient to prove that he was previously adjudicated delinquent of a felonious act.  For

the reasons that follow, we affirm Isaac's conviction.

## I.  BACKGROUND

        Officer Walter of the Richmond Police Department stopped a scooter upon which Isaac

was a passenger.  During the traffic stop, Officer Walter conducted a pat down of Isaac and

found a revolver in a pants pocket.  Isaac was charged with possession of a firearm by a

convicted felon, in violation of Code § 18.2-308.2.  He pled not guilty.

        Isaac was convicted of possession of a firearm by a convicted felon.  In support of this

conviction, the Commonwealth entered an adjudication order showing that Isaac had been

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

adjudicated guilty of grand larceny when he was a juvenile. This order indicated that Isaac pled guilty and was found guilty of that offense. The order also contained this statement: "Juvenile advised of the contents of the petition(s), the right to counsel, right to a public hearing, privilege against self-incrimination, right to confront and cross-examine witnesses, right to present evidence, and right to appeal a final decision." Preceding this text was a blank line for the court to check to indicate that the juvenile had been so advised. In this order, the line was not checked and Isaac asserted that because this line was not checked Isaac's prior adjudication order failed to show that he knowingly and voluntarily waived his constitutional rights as required by Boykin v. Alabama, 395 U.S. 238, 242-43 (1969), when he previously pled guilty. Isaac thus contended that this order was insufficient to prove that he had been previously adjudicated of a felony and, therefore, the evidence was insufficient to support his conviction for possession of a firearm by a convicted felon. Appellant presented no evidence. The trial court determined that the adjudication order was sufficient and denied his motion.

## II. ANALYSIS

Our decision today is governed by our prior decisions in Samuels v. Commonwealth, 27 Va. App. 119, 497 S.E.2d 873 (1998), Harris v. Commonwealth, 26 Va. App. 794, 497 S.E.2d 165 (1998), Nicely v. Commonwealth, 25 Va. App. 579, 490 S.E.2d 281 (1997), and James v. Commonwealth, 18 Va. App. 746, 446 S.E.2d 900 (1994). It is well established that when an appellant collaterally attacks a prior conviction in a subsequent proceeding, "the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" Nicely, 25 Va. App. at 584, 490 S.E.2d at 283 (quoting Parke v. Raley, 506 U.S. 20, 30 (1992)).

Essentially the same question as presented here was before this Court in James, when the appellant challenged the admissibility of a prior conviction because "the warrant form failed to indicate that his plea of guilty was knowing and voluntary."[1]  James, 18 Va. App. at 750, 446 S.E.2d at 902.  There, this Court quoted the Supreme Court of the United States

> "Even when a collateral attack on a final conviction rests on constitutional grounds, *the presumption of regularity that attaches to final judgments makes it appropriate* [for the fact finder to presume that the conviction was obtained in compliance with the defendant's constitutional rights and] *to assign a proof burden to the defendant*."

Id. at 751, 446 S.E.2d at 903 (quoting Parke, 506 U.S. at 30).  This Court then held

> that the Commonwealth satisfies its burden of going forward when it produces a properly certified conviction from a court of competent jurisdiction which appears on its face to be a valid final judgment, provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is evidence establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding.  "Upon such a showing by the [Commonwealth] the doctrine of 'presumption of regularity' is then applied, and unless the defendant presents credible evidence that there is some constitutional infirmity in the judgment it must stand."  State v. Moeller, 511 N.W.2d 803, 809 (S.D. 1994).  A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient.

Id. at 752, 446 S.E.2d at 904 (citations omitted).

After James, this Court addressed a factual situation almost exactly like the one at bar, where there was a blank for the facts to be recorded but that blank was left unfilled.  Samuels, 27 Va. App. at 122, 497 S.E.2d at 875.  In Samuels, appellant challenged the sufficiency of the evidence proving that he had been previously convicted of a felony because the warrant that was admitted into evidence contained no attorney's name or initials on the space under the preprinted

---

[1] The only difference between the facts of James and those presented here is that in James there was no preprinted language on the form, whereas here there was.  For the reasons stated herein, we find this to be a distinction without a difference.

language: "ATTORNEY FOR THE ACCUSED." Id. On the side of the warrant where the "Judgment of the Court" is recorded, both the names of the defense attorney and the judge were missing. Id. The Commonwealth, however, presented evidence in the form of a continuance filed in that case showing that an attorney had represented the accused.[2] Id. at 122, 497 S.E.2d at 874-75.

There, in affirming appellant's conviction, we reiterated the presumption of regularity that attends a prior conviction that is collaterally attacked in a subsequent proceeding, stating that

> unless the defendant presents evidence rebutting the presumption of regularity, by which it may be presumed that the conviction was obtained in compliance with the defendant's [constitutional rights], the Commonwealth has satisfied its burden of proving that the prior conviction was valid and, therefore, was admissible to establish a third offense in order to enhance punishment. Harris, 26 Va. App. at 804, [497] S.E.2d at [169-70].

Samuels, 27 Va. App. at 123-24, 497 S.E.2d at 875.

We recognize that Boykin requires that a defendant knowingly and voluntarily waive the right to a jury trial, the right to confront his accusers, and the privilege against self-incrimination before a court may accept his guilty plea. 395 U.S. at 243. Moreover, while on direct appeal, the "'record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer,'" id. at 242 (quoting Carnley v. Cochran, 369 U.S. 506, 516 (1962)), nothing requires that these waivers must be transcribed or otherwise contained in the order of a prior conviction or adjudication for that order to survive a collateral attack. Indeed, the Supreme Court of the United States addressed a similar issue in Parke, 506 U.S. at 29. There, the Supreme Court stated that

> Boykin involved direct review of a conviction allegedly based upon an uninformed guilty plea. Respondent, however, never

---

[2] The presence of this additional evidence, however, was not dispositive as this Court specifically stated that the trial court could have relied upon the presumption of regularity. Samuels, 27 Va. App. at 124, 497 S.E.2d at 875.

- 4 -

> appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding. To import <u>Boykin</u>'s presumption of invalidity into this very different context would . . . improperly ignore another presumption deeply rooted in our jurisprudence: the "presumption of regularity" that attaches to final judgments, even when the question is waiver of constitutional rights. <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464, 468 (1938).

<u>Id.</u>

Finally, in addition to the presumption of regularity, Code § 19.2-307, which dictates the contents of a judgment order in Virginia, was promulgated after <u>Boykin</u> and provides *inter alia* only that the "order shall set forth the plea, the verdict or findings and the adjudication and sentence, whether or not the case was tried by jury, and if not, whether the consent of the accused was concurred in by the court and the attorney for the Commonwealth." This code section does not mandate that the <u>Boykin</u> colloquy be a part of the order. <u>Id.</u> Therefore, in light of the presumption of regularity, the absence of a mark on the order indicating that this colloquy had been given when there is no requirement that this information be on the order is not sufficient *by itself* to show that the prior plea had not been knowingly and voluntarily made.

### III. CONCLUSION

For the foregoing reasons, we find no support in the law for Isaac's contention that the absence of a mark indicating that he had knowingly and voluntarily waived his rights is credible evidence of a constitutional infirmity in the judgment. Therefore, we affirm Isaac's conviction.

<u>Affirmed.</u>