UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


JAY HOON KIM

v.        Record No. 0116-17-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
CHIEF JUDGE GLEN A. HUFF
OCTOBER 3, 2017


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Bryant L. Sugg, Judge

Charles E. Haden for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Jay Hoon Kim ("appellant") appeals his conviction of possession of a firearm by one

under the age of twenty-nine years, who had been adjudged delinquent when he was fourteen

years of age or older, of an act that would be a violent felony if committed by an adult, in

violation of Code § 18.2-308.2(A).  Following a bench trial in the Circuit Court of the City of

Newport News ("trial court"), appellant was convicted as charged and sentenced to the

mandatory minimum of five years' imprisonment.  On appeal, appellant argues that the trial

court erred (1) by admitting "a purported felony conviction order from a juvenile court" that did

not indicate whether appellant had counsel when he was convicted, and (2) by denying

appellant's motion to strike where, because the conviction order was invalid, there was

insufficient evidence to establish a prior felony conviction.  For the reasons that follow, this

Court affirms the trial court's rulings.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial." Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

Adjudication of delinquency

On February 4, 2008, appellant was charged via petition with two counts of breaking and entering and one count of grand larceny.  As appellant was a juvenile at the time, he stood trial for those charges before the Hampton Juvenile and Domestic Relations District Court.

A document from that court labeled "Court Record of Proceedings and Court Orders" details the progression of appellant's juvenile case.  It indicates that on February 5, 2008, the court appointed the public defender to represent appellant.  From this initial appointment, the document recites that the public defender was present with appellant at the following points during the proceedings:

- a February 26, 2008 motion to continue,
- a March 18, 2008 motion for a competency evaluation,
- an April 30, 2008 motion to continue,
- a May 21, 2008 hearing during which the court found appellant competent to stand trial,
- an August 20, 2008 hearing during which the court appointed a guardian *ad litem* because appellant's mother was not in attendance, and
- a September 3, 2008 hearing during which the court continued the matter to November 19, 2008 for disposition.

Additionally, a juvenile court document entitled "Adjudicatory/Disposition Record of Proceedings" records that appellant pled guilty to all charges and was convicted of all charges during an "adjudicatory hearing" on June 25, 2008.  In the section for the adjudicatory hearing labeled "Present," boxes are marked for "Juvenile/Defendant" and "Mother," but not for

"Attorney." The document's header, however, contains the handwritten words "Public Defender" in a section labeled "Attorney A/R/W." Finally, that document records that appellant, his attorney, the guardian *ad litem*, and a foster parent were all present for the dispositional hearing on November 19, 2008, during which the juvenile court sentenced appellant to thirty days of "post dispositional confinement," all of which it suspended on certain conditions.

## The present offense

Newport News police officers received a property damage call on October 28, 2015, reporting individuals defacing campaign signs. Upon arriving at the scene, they located appellant and observed two firearms on his person. The officers then checked appellant's identification information and learned that he had been adjudicated delinquent as a juvenile aged fourteen years or older at the time of the offense of acts which would have been felonies if committed by an adult.

## Material trial court proceedings

At trial, the Commonwealth sought to introduce a record of appellant's 2008 convictions in the juvenile court. Counsel for appellant objected on the grounds that the Adjudicatory/Disposition Record of Proceedings form did not indicate the presence of counsel or appellant's affirmative waiver of counsel on the date he was convicted. Counsel specifically contended that due to this absence, the order was invalid on its face and therefore the presumption of regularity would not apply. The Commonwealth argued that because other documentation from the juvenile court proceedings established the presence of counsel, the trial court need not engage in conjecture to determine what occurred in the juvenile court and thus the presumption of regularity would apply. After reviewing the contested documents, the trial court admitted them as evidence of appellant's prior convictions. In so holding, the trial court specifically found that the presumption of regularity applied because "it appears . . . there's a

scriber's error, that box was inadvertently left blank based on the evidence that's presented in the packet."

Appellant's counsel later moved to strike the Commonwealth's evidence on the ground that the juvenile court order was invalid and thus did not suffice to prove appellant's status as a convicted felon for purposes of establishing the firearm possession offense. The trial court overruled the motion, and after appellant declined to present evidence, overruled appellant's renewed motion to strike. The trial court convicted appellant as charged, and this appeal followed.

## II. ANALYSIS

Appellant first argues that the trial court abused its discretion in admitting the juvenile court conviction order introduced by the Commonwealth because that order did not reflect the presence or waiver of defense counsel. Because the presumption of regularity applies, this Court affirms the trial court's ruling.

This Court reviews a trial court's evidentiary decision under an abuse of discretion standard. See, e.g., Campos v. Commonwealth, 67 Va. App. 690, 702, 800 S.E.2d 174, 180 (2017). Under this deferential standard, an appellate court does "not substitute [its] judgment for that of the trial court," but instead "consider[s] only whether the record fairly supports the trial court's action." Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009) (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)).

Code § 18.2-308.2(A) provides in pertinent part that no "person under the age of 29 who was adjudicated delinquent as a juvenile 14 years of age or older at the time of the offense of a delinquent act which would be a felony if committed by an adult" may "knowingly and intentionally possess or transport any firearm." Proof that the accused had been so adjudicated is

thus a necessary element of this offense that the Commonwealth must prove beyond a reasonable doubt.

"[W]hen, as here, a prior conviction is collaterally attacked in a subsequent proceeding, 'the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears."'" Samuels v. Commonwealth, 27 Va. App. 119, 123, 497 S.E.2d 873, 875 (1998) (quoting Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997)). "[T]*he presumption of regularity that attaches to final judgments makes it appropriate* [for the fact finder to presume that the conviction was obtained in compliance with the defendant's right to counsel under the Sixth Amendment and] *to assign a proof burden to the defendant*." Id. (second alteration in original) (quoting James v. Commonwealth, 18 Va. App. 746, 751, 446 S.E.2d 900, 903 (1994)). Accordingly, "unless the defendant presents evidence rebutting the presumption of regularity, by which it may be presumed that the conviction was obtained in compliance with the defendant's right to counsel, the Commonwealth has satisfied its burden of proving that the prior conviction was valid and, therefore, was admissible." Id.

This Court's resolution of a nearly identical situation in Samuels guides our conclusion here. In Samuels, the Commonwealth introduced a 1987 general district court criminal warrant to establish the defendant's prior conviction. Id. at 121, 497 S.E.2d at 874. That warrant contained no notations or initials following the preprinted language "ATTORNEY FOR THE ACCUSED," and on the side of the warrant reflecting the "Judgment of the Court," boxes for the Commonwealth and defense in the section for "ATTORNEY(S) PRESENT" remained unchecked. Id. at 122, 479 S.E.2d at 875. The defendant offered no evidence to suggest that his general district court conviction was uncounseled. Id. at 121, 497 S.E.2d at 874. This Court held that "because the defendant offered no evidence rebutting the presumption, the trial judge

did not err by finding that the 1987 conviction was counseled and admitting it into evidence." Id. at 124, 497 S.E.2d at 875.

Like the defendant in Samuels, appellant here presented no affirmative evidence to rebut the presumption of regularity and instead offered only a bare assertion that the juvenile court conviction was uncounseled. The trial court made a factual finding based on the evidence before it that the juvenile court's failure to check the box for "Attorney" on the Adjudicatory/Disposition Record of Proceedings was an "inadvertent[]" "scriber's error." A mere judicial omission, without more to indicate error, is insufficient to rebut the principle that "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." Parke v. Raley, 506 U.S. 20, 30 (1992); see also James, 18 Va. App. at 752, 446 S.E.2d at 904 (holding that "[a] silent record or . . . mere naked assertion by the accused . . . is insufficient . . . to rebut the presumption of regularity that attached" to the prior conviction).

Moreover, the Commonwealth presented additional evidence that appellant was represented by counsel during the juvenile proceedings—evidence far stronger than that before this Court in Samuels. The Court Record of Proceedings and Court Orders indicates that the juvenile court appointed the public defender to represent appellant on February 5, 2008, one day after appellant was first charged with the offenses. Further, notations from every hearing except the adjudication hearing on June 25, 2008, indicate counsel's presence. The juvenile court's care to preserve appellant's rights is apparent from its decision to appoint a guardian *ad litem* when appellant's mother was unable to attend the August 20, 2008 hearing. Finally, the Adjudicatory/Disposition Record of Proceedings, which records the juvenile court's findings of guilt and disposition order, contains the notation "Public Defender" in a section on the document's header for recording whether an attorney had been appointed for or retained by the

- 6 -

juvenile or that the juvenile waived representation. Relying on this information, the trial court made a factual finding that appellant had been represented by the public defender at the time of his juvenile court adjudicatory hearing. Because this Court "is bound by the trial court's findings of historical fact unless plainly wrong or without evidence to support them," Kuhne v. Commonwealth, 61 Va. App. 79, 86, 733 S.E.2d 667, 670 (2012) (quoting Harris v. Commonwealth, 276 Va. 689, 695, 668 S.E.2d 141, 145 (2008)), and the Commonwealth's evidence supported that factual conclusion, this Court will not disturb the trial court's finding.

Appellant's prior convictions were therefore valid because appellant was represented at the time of his juvenile adjudication. Accordingly, this Court holds that the trial court did not abuse its discretion in admitting the juvenile court conviction order into evidence.

This Court need not reach appellant's second assignment of error because it hinges on the validity of the conviction order. Having held that the conviction order was valid, that order constituted competent evidence of appellant's juvenile felony convictions that a reasonable factfinder could rely upon to establish the prior conviction element of Code § 18.2-308.2(A).

### III. CONCLUSION

For the foregoing reasons, this Court affirms appellant's conviction.

Affirmed.