COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia

JULIE KAY NICELY
                                            OPINION BY
v.          Record No. 0576-96-3      JUDGE RICHARD S. BRAY
                                          SEPTEMBER 16, 1997
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
                    Duncan M. Byrd, Jr., Judge

            Ronald W. Vaught (Parks & Vaught, P.C., on
            brief), for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        Julie Kay Nicely (defendant) was convicted in a bench trial

of driving under the influence of alcohol, a second like offense

committed within five years, and imposed the attendant enhanced

punishment.  On appeal, defendant complains that the trial court

erroneously relied solely upon a Department of Motor Vehicles

(DMV) transcript to establish the requisite prior offense,

finding such conviction constitutional without affirmative proof

that defendant had been represented by or waived counsel or had

been punished without incarceration.  Concluding that the earlier

offense was properly proven, we affirm the trial court.

        It is uncontroverted that defendant operated a motor vehicle

in Alleghany County on August 26, 1995, while under the influence

of alcohol (DUI), in violation of Code § 18.2-266.  See Code

§ 18.2-269(A).  Seeking the enhanced punishment for a "second

offense committed within less than five years after a first

offense under Code § 18.2-266," Code § 18.2-270,[2] the Commonwealth introduced into evidence a DMV "transcript" which reported a timely prior conviction of defendant for DUI in the General District Court of Roanoke County, Virginia. The parties agree, however, that the transcript did not indicate "(a) whether Defendant was represented by counsel or (b) whether she was sentenced to jail, with time to serve . . . ," and the record provides no further particulars of the earlier proceeding.

THE PRIOR CONVICTION

Code § 18.2-270 prescribes several penalties for DUI in violation of Code § 18.2-266, enhanced for second and subsequent offenses. However, to convict and punish an accused for successive violations, "the prior offense[s] must be charged and proven." Calfee v. Commonwealth, 215 Va. 253, 255, 208 S.E.2d 740, 741 (1974) (quoting Commonwealth v. Ellett, 174 Va. 403, 413, 4 S.E.2d 762, 766 (1939)). In aid of such proof, Code § 46.2-384 provides that:

> Every law-enforcement officer who has arrested any person for (i) [DUI] . . . shall request from the [DMV] an abstract or

---

[2]Code § 18.2-270 provides, in relevant part, that:

> Any person convicted of a second offense committed within less than five years after a first offense under § 18.2-266 shall be punishable by a fine of not less than $200 nor more than $2,500 and by confinement in jail for not less than one month nor more than one year. Forty-eight hours of such confinement shall be a mandatory, minimum sentence not subject to suspension by the court.

> transcript of the person's driver's conviction record on file at the [DMV]. . . . In any such prosecution wherein a necessary element of the offense charged is that the defendant was previously convicted of the same or similar offense, . . . (2) that portion of the transcript relating to the relevant prior conviction[] shall be prima facie evidence of the facts stated therein with respect to the prior offense.

Id. (emphasis added). Prima facie evidence is "'sufficient to raise a presumption of fact or establish the fact in question unless rebutted.'" Moffitt v. Commonwealth, 16 Va. App. 983, 987, 434 S.E.2d 684, 687 (1993) (quoting Babbitt v. Miller, 192 Va. 372, 379-80, 64 S.E.2d 718, 722 (1951)).

Here, defendant was arrested and prosecuted for DUI, "subsequent offense," a violation of Code § 18.2-266, which, if proven, would mandate an enhanced penalty. Thus, "a necessary element of the offense charged" was a previous conviction for the "same or similar offense," a circumstance clearly contemplated by Code § 46.2-384, permitting the introduction of "that portion of [defendant's DMV] transcript relating to the relevant prior conviction" as "prima facie evidence of the facts stated therein." Code § 46.2-384. Accordingly, the disputed transcript sufficiently proved defendant's earlier DUI conviction until "'that . . . evidence . . . be repelled.'" Moffitt, 16 Va. App. at 987, 434 S.E.2d at 687 (quoting Babbitt, 192 Va. at 380, 64 S.E.2d at 722); see Nesselrodt v. Commonwealth, 19 Va. App. 448, 451-52, 452 S.E.2d 676, 678 (1994) (en banc).

## THE ENHANCED PUNISHMENT

Nevertheless, defendant contends that the Commonwealth's evidence must also affirmatively establish that the earlier conviction was free from constitutional infirmity by proof that she (1) served no jail time, or (2) either waived her Sixth Amendment right to counsel or was represented by counsel. Because the transcript relied upon by the Commonwealth was silent on these incidents of the previous proceedings, defendant challenges the sufficiency of the evidence to support imposition of an enhanced punishment.

It is now well established that a prior uncounseled misdemeanor conviction that did not result in actual incarceration may constitute proper evidence of recidivism, although punishment for the enhanced offense may include jail or imprisonment. See Nichols v. United States, 511 U.S. 738, 746-49 (1994); see also Griswold v. Commonwealth, 252 Va. 113, 116-17, 472 S.E.2d 789, 790-91 (1996). Conversely, however, a previous misdemeanor conviction attended by incarceration is constitutionally offensive and may support neither guilt nor enhanced punishment for a later offense, unless the accused either waived or was represented by counsel in the earlier proceeding. See Nichols, 511 U.S. at 746 (citing Scott v. Illinois, 440 U.S. 367, 372-74 (1979)); see also Griswold, 252 Va. at 116-17, 472 S.E.2d at 790-91. Although we have not heretofore allocated the burden of proof in assessing compliance

4

with defendant's Sixth Amendment right to counsel in the absence of evidence of both counsel and incarceration, we have approved shifting the burden to a defendant challenging the constitutionality of a prior guilty plea under such circumstances. See James v. Commonwealth, 18 Va. App. 746, 750-52, 446 S.E.2d 900, 902-04 (1994); see also Parke v. Raley, 506 U.S. 20, 29 (1992) (guilty plea constitutes waiver of Sixth Amendment rights to jury trial and confrontation and Fifth Amendment privilege against self-incrimination).

In James, we rejected the argument that the Commonwealth's proof of a prior DUI for enhancement purposes in another prosecution must affirmatively establish that James had "knowingly and intelligently waived his constitutional rights" in tendering his guilty plea to the previous offense. Id. at 749, 446 S.E.2d at 902 (citing Boykin v. Alabama, 395 U.S. 238, 242 (1969)). We acknowledged that, on direct appeal of a conviction, "no waiver of constitutional rights will be presumed and a silent record cannot be considered a waiver," but distinguished our standard of review of a conviction under collateral attack in a subsequent trial. Id. at 750-51, 446 S.E.2d at 902-03. In the latter proceeding, the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because "'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" Id. at 751, 446 S.E.2d at 903 (quoting Parke, 506 U.S. at 29).

Thus,

> the Commonwealth satisfies its burden
> . . . when it produces a properly certified
> conviction from a court of competent
> jurisdiction which appears on its face to be
> a valid final judgment, provided that in all
> <u>felony</u> cases and those <u>misdemeanor
> proceedings where imprisonment resulted</u>,
> there is evidence establishing that the
> defendant was represented by or properly
> waived counsel in the earlier criminal
> proceeding.

<u>Id.</u> at 752, 446 S.E.2d at 904 (emphasis added).  "A silent record or the mere naked assertion by an accused" that his constitutional rights were violated is "insufficient" to rebut the presumption of validity.  <u>Id.</u>  Here, the transcript established defendant's previous misdemeanor conviction, without suggestion of imprisonment, a circumstance which did not implicate the Sixth Amendment right to counsel in a collateral review of the conviction, <u>see</u> <u>Nichols</u>, 511 U.S. at 746, and entitled the Commonwealth to the presumption of regularity without offending due process.  <u>See</u> <u>Parke</u>, 506 U.S. at 27–34; <u>James</u>, 18 Va. App. at 750–52, 446 S.E.2d at 902–04.

Defendant's reliance on <u>Griswold v. Commonwealth</u>, 252 Va. 113, 472 S.E.2d 789 (1996), is misplaced.[3]  In <u>Griswold</u>, the record affirmatively disclosed that Griswold had been imprisoned for a prior misdemeanor conviction, rendered without the benefit

---

[3]Defendant also cites <u>Sargent v. Commonwealth</u>, 5 Va. App. 143, 360 S.E.2d 895 (1987), a decision of this Court which relied upon <u>Baldasar v. Illinois</u>, 446 U.S. 222 (1980), overruled by <u>Nichols v. United States</u>, 511 U.S. 738 (1994).

6

of counsel.  See id. at 114–15, 472 S.E.2d at 790.  The conviction, therefore, was not favored with a presumption of regularity.  In contrast, the transcript of defendant's disputed misdemeanor conviction reflects neither the imposition of jail time nor the absence of counsel.

Similarly, our view is not inconsistent with Burgett v. Texas, 389 U.S. 109 (1967), and its progeny.  The evidence of the previous conviction in Burgett included two "records," one reciting that the accused appeared "'without Counsel,'" and the other making no reference to counsel.  Id. at 112.  The Court, therefore, reasoned that the "records of . . . conviction on their face raise a presumption that petitioner was denied his right to counsel."  Id. at 114 (emphasis added).  The record in this instance reflects nothing with respect to counsel, conflicting or otherwise.

In Parke v. Raley, 506 U.S. 20 (1992), which, like James, addressed a challenge to the evidence of voluntariness incidental to a prior guilty plea, the accused urged a broad reading of Burgett to support "the proposition that every previous conviction used to enhance punishment is 'presumptively void' if waiver of [any] claimed constitutional right does not appear from the face of the record."  Id. at 31.  However, the Court refused to "read the decision [in Burgett] so broadly," emphasizing that

> [a]t the time the prior conviction at issue
> in Burgett was entered, state criminal
> defendants' federal constitutional right to
> counsel had not yet been recognized, and so
> it was reasonable to presume [from a silent

7

record] that the defendant had not waived a right he did not possess. . . . [T]he same cannot be said about a record that, by virtue of its unavailability on collateral review, fails to show compliance with . . . well-established [constitutional] requirements.

Id. Thus, the Court's distinction between Parke and Burgett arose from jurisprudential evolution rather than the disparate treatment of coequal constitutional safeguards.

Parke clearly instructs that, "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Id. Surveying the practices followed in both guilty plea and right-to-counsel cases, the Court expressly recognized that "state courts . . . have allocated proof burdens differently," noting with approval that some

place the full burden on the prosecution. Others assign the entire burden to the defendant once the government has established the fact of conviction. Several, like Kentucky [the state practice at issue in Parke], take a middle position that requires the defendant to produce evidence of invalidity once the fact of conviction is proved but that shifts the burden back to the prosecution once the defendant satisfies his burden of production.

Id. at 32-33 (citations omitted). The Court concluded that "[t]his range of contemporary state practice certainly does not suggest that allocating some burden to the defendant is

fundamentally unfair."  Id. at 33.[4]

Accordingly, the record of a prior misdemeanor conviction, silent with respect to related incarceration or representation of the accused by counsel, is entitled to a presumption of regularity on collateral attack in a recidivist proceeding and may provide sufficient evidence to support the imposition of an enhanced punishment.

Affirmed.

---

[4]In Parke, see 506 U.S. at 33, the Court implicitly approved a state practice conferring "a presumption of regularity [on a prior felony conviction], including the presumption that the defendant was represented by counsel." Utah v. Triptow, 770 P.2d 146, 149 (Utah 1989) (emphasis added); accord Montana v. Okland, ___ P.2d ___, ___ (Mont. May 29, 1997) (in collateral review of prior conviction for constitutionality, Burgett and Parke permit state to allocate burden of proof on issue of right to counsel); see also Idaho v. Beloit, 844 P.2d 18, 19 (Idaho 1992) (applying same principles to waiver of rights on counseled prior guilty plea).

9