COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


TYNA JOY STEWART

                                                MEMORANDUM OPINION* BY
v.       Record No. 1512-05-4                   JUDGE JAMES W. HALEY, JR.
                                                     MARCH 20, 2007

COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
                        John E. Wetsel, Jr., Judge

            Mark A. Vann (Vann & Vann, on brief), for appellant.

            Josephine F. Whalen, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        The narrow issue here for resolution is whether the evidence is sufficient to prove that Tyna

Joy Stewart ("appellant") was previously convicted of a second offense of driving while intoxicated

("DWI") *within a five-year period.*

                                            I.

                                         FACTS

        On May 25, 2005, appellant was convicted of a third DWI within a ten-year period, a

felony.  Appellant was sentenced in accordance with the enhanced punishment provisions of Code

§ 18.2-270.[1]

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Code § 18.2-270(C)(1) states, "The sentence of any person convicted of three offenses
of § 18.2-266 committed within a 10-year period shall include a mandatory minimum sentence
of 90 days . . . ."

The evidence upon which the Commonwealth relied to prove the predicate convictions consisted solely of: (1) a certified copy of an arrest warrant for appellant issued August 20, 2000, for DWI on that date, and reciting therein: "The Accused committed this offense within less than five years after having had a prior conviction." The warrant further recites it is returnable for trial in the *General District Court* of the City of Winchester; and (2) a certified copy of the order of the *Circuit Court* of the City of Winchester dated March 28, 2001, showing that appellant pleaded and was found guilty of "DWI, 2nd offense" pursuant to Code § 18.2-266.

The circuit court order has checked in the appropriate space under subsection Plea: "Guilty as charged." Likewise, under subsection Finding, the space for "Guilty" is checked. Finally, the order, *inter alia*, sentenced appellant to 180 days in jail, with 104 suspended, fined her $800 with $200 suspended, and suspended her driver's license for three years. Such a disposition was consistent with the then provisions of Code §§ 18.2-270 and 18.2-271 for either a second offense DWI committed within a five-year period, or a second offense DWI committed within a period of five to ten years of a first offense.

The Commonwealth did not introduce the disposition of the charge in the August 20, 2000 warrant by the general district court. Neither did the Commonwealth introduce any record of the arraignment of appellant in the circuit court when the general district court decision was appealed, nor a DMV transcript of appellant's driving record.

Appellant does not dispute that she is the individual named in both the arrest warrant and the circuit court order, or that both relate to her driving on August 20, 2000. She further does not dispute that the Commonwealth has proven, in fact, she had been twice convicted of DWI before the third conviction that generated this appeal. Rather, appellant claims the Commonwealth has not proven that her plea of guilty on March 28, 2001, was to a charge of DWI *within a five-year period*. We agree and reverse.

II.

ANALYSIS

Appellant argues that the Commonwealth's evidence is insufficient to show: (1) the first DWI conviction occurred within five years of the second conviction; and (2) appellant's first conviction was, if not in Virginia, pursuant to a statute "substantially similar" to Virginia's statute prohibiting driving while intoxicated, as required by Code § 18.2-270(E).[2]

Initially we note that if appellant's conviction on March 28, 2001 was in fact for a second offense committed within five years, it is mathematically correct, of course, that the conviction of May 25, 2005, here appealed, is a third conviction within ten years.

In McBride v. Commonwealth, 24 Va. App. 30, 33-34, 480 S.E.2d 126, 128 (1997) (quoting Essex v. Commonwealth, 18 Va. App. 168, 171, 442 S.E.2d 707, 709 (1994)), we noted, "While 'the most efficient way to prove the prior . . . conviction is to offer in evidence an authenticated copy of the prior order of conviction,' the prior conviction may be proved by any competent evidence." See also Wilson v. Commonwealth, 40 Va. App. 250, 254, 578 S.E.2d 831, 833 (2003).

As the Supreme Court of Virginia held in Waterfront Marine Constr. v. N. End 49ers, 251 Va. 417, 427 n.2, 468 S.E.2d 894, 900 n.2 (1996), "a court speaks through its orders and we presume that the orders accurately reflect what transpired." See also Roe v. Commonwealth, 271 Va. 453, 458, 628 S.E.2d 526, 529 (2006); McFalls v. Essex County, 79 Va. 137 (1884).

The arrest warrant recites: "The accused committed this offense within less than five years after having had a prior conviction."

---

[2] Code § 18.2-270(E) states, "For the purpose of determining the number of offenses committed . . . under this section, [a] conviction . . . under the following shall be considered a conviction of § 18.2-266: (1) . . . the substantially similar laws of any other state or of the United States . . . ."

"Under Rule 3A:4, an arrest warrant must describe the offense charged. This description must comply with Rule 3A:7(a),[3] which deals with the description of the charge that must be contained in an indictment." Greenwalt v. Commonwealth, 224 Va. 498, 501, 297 S.E.2d 709, 710-11 (1982); see also Rawls v. Commonwealth, 272 Va. 334, 346, 634 S.E.2d 697, 702 (2006); Code § 19.2-72 (An arrest warrant shall "describe the offense charged with reasonable certainty.").

More specifically, as the Supreme Court of Virginia articulated in Calfee v. Commonwealth, 215 Va. 253, 254-55, 208 S.E.2d 740, 741 (1974):

> The purposes of an allegation in a warrant . . . that an accused has been previously convicted of a similar offense are to put him on notice that proof of his prior conviction will be introduced in evidence, and to permit the imposition of a heavier punishment if the second or subsequent offense is proved.

That being said, the record here does not disclose whether the general district court convicted appellant of a second offense DWI within a five-year period, or of a second offense DWI outside a five-year period. In either event, that conviction was appealed to the circuit court. Such an appeal is heard *de novo*. "[I]n a trial *de novo*, the circuit court disregards the judgment of the district court, hears the evidence anew and may consider new evidence, and makes final disposition of the case as if the case had not proceeded to judgment in the district court." Commonwealth v. Diaz, 266 Va. 260, 266, 585 S.E.2d 552, 555 (2003). See also Kenyon v. Commonwealth, 37 Va. App. 668, 673, 561 S.E.2d 17, 19-20 (2002).

Code § 19.2-254 recites in part that an arraignment "shall be conducted in open court. It shall consist of reading to the accused the charge on which he will be tried . . . . In a misdemeanor case, arraignment is not necessary when waived by the accused or his counsel . . . ." The record before us does not disclose upon what charge appellant was arraigned in circuit court, that is, whether it was a second offense DWI within a five-year period, or whether arraignment was

---

[3] Former Rule 3A:7(a) is now Rule 3A:6(a).

- 4 -

waived.  Likewise, while the record of the proceedings in the circuit court on March 28, 2001 demonstrates that appellant pleaded guilty and was found guilty of "DWI 2nd offense," that record does not disclose whether the DWI second offense was within a five-year period.

In light of the foregoing, we conclude the Commonwealth failed to prove that appellant's DWI conviction of March 28, 2001, was within a five-year period of her first DWI conviction.  The Commonwealth, therefore, did not show that the conviction here appealed was a third DWI conviction within a ten-year period.

Appellant further maintains that the Commonwealth failed to prove the first conviction was, if not in Virginia, pursuant to a statute "substantially similar" to Virginia's statute prohibiting driving while intoxicated, as required by Code § 18.2-270(E).  We have held that, when a prior order of a court with jurisdiction to hear a matter is collaterally attacked, "the Commonwealth is entitled to a presumption of regularity which attends the prior [judgment] because '*every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears*.'"  Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (quoting James v. Commonwealth, 18 Va. App. 746, 751, 446 S.E.2d 900, 903 (1994)) (emphasis added). See also Parke v. Raley, 506 U.S. 20, 30 (1992); Thompson v. Commonwealth, 27 Va. App. 620, 624, 500 S.E.2d 823, 824-25 (1998).

In Nicely, this Court addressed such an attack upon a prior conviction for driving while intoxicated.  We held that "[t]he record of a prior misdemeanor conviction . . . is entitled to a presumption of regularity on collateral attack in a recidivist proceeding and may provide sufficient evidence to support the imposition of an enhanced punishment."  25 Va. App. at 587, 490 S.E.2d at 284.

On brief, appellant relies on Shinault v. Commonwealth, 228 Va. 269, 321 S.E.2d 652 (1984).  While it is true that "[t]he Commonwealth bears the burden of proving that an

out-of-state conviction was obtained under laws substantially similar to those of the Commonwealth," in Shinault the Commonwealth affirmatively presented evidence of North Carolina convictions, but offered no text of the North Carolina statute to demonstrate similarity. Id. at 271, 321 S.E.2d at 654. Here, there is no evidence as to whether the initial conviction was, or was not, a Virginia conviction or one under a substantially similar statute and, accordingly, the presumption of regularity stands unrebutted.

"Thus, unless the defendant presents evidence rebutting the presumption of regularity . . . the Commonwealth has satisfied its burden of proving that the prior conviction was valid and, therefore, was admissible to establish a third offense in order to enhance punishment." Samuels v. Commonwealth, 27 Va. App. 119, 123-24, 497 S.E.2d 873, 875 (1998). "The burden is on the party alleging an irregularity in a court proceeding to show affirmatively from the record that the irregularity exists." Howerton v. Commonwealth, 36 Va. App. 205, 212, 548 S.E.2d 914, 917 (2001). In the instant case, appellant did not testify or offer any evidence that the first conviction was pursuant to a statute dissimilar to that of Virginia. The presumption of regularity directs us, therefore, to presume that the circuit court order convicting appellant of "DWI, 2nd offense" was "rightly done." See Nicely, 25 Va. App. at 584, 490 S.E.2d at 823. That is, that the initial conviction was pursuant to either the Virginia statute, or one substantially similar.

For the reasons stated above, the conviction is reversed, and remanded to the trial court for resentencing in accordance with this Court's decision.

Reversed and remanded.