# CIRCUIT COURT OF THE CITY OF NORFOLK

Clifford G. Newman

v.

Freeman Homes, Inc.,
Dey Street Properties, L.L.C.,
and Keith Freeman

Case No. (Civil) CL14-1249

Benjamin Bessant
and Dorothy Horne

v.

Freeman Homes, Inc.,
Dey Street Properties, L.L.C.,
and Keith Freeman

Case No. (Civil) CL14-1250

December 22, 2014

BY JUDGE EVERETT A. MARTIN

These legally simple cases of breach of contract and breach of a statutory warranty on the sale of new homes have been unduly protracted and complicated by nonsuits and the pleadings. In short, the plaintiffs

claim there were defects in the new homes they purchased in 2007, and the defendants have not repaired them.

The three plaintiffs first sued Freeman Homes, Inc. ("Freeman Homes") and Dey Street Properties, L.L.C. ("Dey Street") on August 5, 2010, for violations of the building code, breach of contract, breach of statutory warranty, breach of VA warranty, and specific performance. (CL10-5168, the "first action".) The defendants demurred, and the plaintiffs suffered their first nonsuit by final order entered on July 20, 2011.

Clifford Newman refiled his complaint (CL11-7385) on October 11, 2011, and Benjamin Bessant and Dorothy Horne ("Bessant") filed theirs (CL11-7454) on October 12, 2011. In their similar complaints (the "second actions"), the plaintiffs added Keith Freeman ("Freeman") as a defendant and claimed breaches of "implied" warranty, "new home" warranty, and VA warranty, breach of contract, negligence in violation of the building code, actual and constructive fraud, and constructive trust. The defendants again demurred.

By orders of June 25, 2012, the plaintiffs suffered nonsuits to the three breach of warranty claims and the claims for negligence in violation of the building code and constructive trust; the Court sustained the defendants' demurrers to the claims of actual and constructive fraud with leave to amend; the defendants withdrew their demurrers to the claims for breach of contract. The plaintiffs never filed amended complaints, so the fraud claims are now barred.

### *"What a Difference a Day Makes!"*[6]

On August 13, 2013, the plaintiffs filed motions for nonsuits and nonsuit orders. Both motions mistakenly stated this was a first nonsuit. Both orders had typed near the bottom of the first page: "Entered this 13th day of August, 2013." In Newman's case, the order was only one page and the judge's signature was just below the "Entered" clause. In Bessant's case, the judge's signature was at the top of the second page and she wrote "8-14-2013" above her signature.

On February 14, 2014, Newman (CL14-1249) and Bessant (CL14-1250) filed the present complaints concerning the purchases of their homes. Newman alleged breach of contract. Bessant alleged breach of contract and negligence in violation of the building code. On September 2, 2014, the plaintiffs lodged amended complaints alleging breach of contract and violations of Code of Virginia §§ 13.1-690 and 13.1-692. The court approved the filing of amended complaints by orders dated September 9, 2014. The defendants have filed pleas of the statute of limitations and demurrers.

---

[6]    Lyrics by Stanley Adams as sung by Dinah Washington (Mercury Records 1959).

*Pleas of the Statute of Limitations*

## A. *Breach of Contract*

The five year statute of limitations for breach of a written contract expired in 2012, and it is extended here by Va. Code § 8.01-229(E)(3). If the second actions were ended by nonsuits on August 14, 2013, the present actions for breach of contract are timely; if the second actions were ended by nonsuits on August 13, 2013, those claims are untimely.

Each counsel has expended great effort to convince me that both nonsuit orders in the second actions were entered the same day. There is, of course, a rebuttable presumption that a public official has properly discharged her duty. *Avery v. County Sch. Bd.*, 192 Va. 329, 64 S.E.2d 767 (1951). "[E]very act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." *Nicely v. Commonwealth*, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) (*quoting Parke v. Raley*, 506 U.S. 20, 29 (1992)). There is nothing in the record to show that either nonsuit order in the second actions was entered on a date other than that stated in it.

Having been a judge of this Court for almost twenty years, I can think of two explanations for the different entry dates on orders filed the same day. First, the Clerk presented the judge with a pile of orders on August 13, 2013, and she entered some that day and others the next. Second, the orders were separated in the Clerk's Office and presented to the judge on separate days.

Thus, I sustain the special plea to Newman's claim for breach of contract and overrule it as to Bessant's claim.

## B. *Breach of Statutory Warranty*

In the complaints in the first and second actions, Bessant pleaded a violation of the new home warranty. In paragraph 14 of his present original complaint and amended complaint, Bessant mentions the statutory new home warranty as being stated in paragraph 24D of the contract. He does not, however, clearly allege a right of action for breach of the warranty in his amended complaint. Dey Street claims the statutory warranty claim is barred because Bessant nonsuited this claim in the second action on June 25, 2012, and the present original complaint was filed February 14, 2014. Bessant argues that his nonsuit was to a cause of action, not merely his right of action for breach of warranty. I agree with Bessant.

In *McKinney v. Virginia Surgical Assoc.*, 284 Va. 455, 732 S.E.2d 27 (2012), the Court held the word "action" in Va. Code § 8.01-229(E)(3) means "cause of action" not "right of action." There, the plaintiff originally filed a medical practice action; he died; his administratrix was granted leave to file an amended complaint for wrongful death. She subsequently suffered a nonsuit and filed a survival action. The survival action was filed more

than two years after the alleged negligence, but within six months of the nonsuit. The Circuit Court dismissed the complaint on a plea of the statute of limitations.

The Supreme Court reversed. The cause of action to which the six month grace period of Va. Code § 8.01-229(E)(3) applied was the alleged medical negligence that injured the decedent. That cause of action gave rise to two rights of action: one for wrongful death and one for personal injury during his lifetime.

Here, the cause of action is the sale of an allegedly defective new home. That cause of action gives rise to (at least) two (and they should suffice) rights of action: one for breach of contract and the other for breach of the statutory warranty of Va. Code § 55-70.1. One difference between this case and *McKinney* is the entry of two nonsuit orders in Bessant's second action. That of June 25, 2012, went to, *inter alia*, the warranty rights of action; that of August 14, 2013, went to the right of action for breach of contract, the sole remaining claim. The latter order was the final order in the action and nonsuited the cause of action. The filing of the present complaint on February 14, 2014, revived the cause of action. Thus, I find the breach of warranty claim is timely. Breach of warranty and breach of contract are usually considered separate rights of action. Here, the statutory warranty was incorporated into the contract, and Bessant has sued for breach of that contract. I suppose that could be a narrower holding that reaches the same result.

## C. *Va. Code §§ 13.1-690, 13.1-692*

The claims for violation of the corporate statutes are against only Freeman and were first filed on September 9, 2014. This is a different cause of action that arose after Newman and Bessant purchased their homes; it arises out of Freeman's discharge of his duties as a director of Dey Street.

Newman alleged in paragraph 12 and Bessant in paragraph 18 of their complaints in the second actions that the defects were brought to Freeman's attention in December of 2007. The claims under Va. Code § 13.1-690 are barred even under a five year statute of limitations. Freeman did not question on demurrer whether this statute creates a duty to the plaintiffs.

I deny the plea of the statute of limitations to the claims under Va. Code § 13.1-692 because that right of action could not arise until a "distribution" was made to Freeman, and neither amended complaint states a date of distribution. The plaintiffs allege the improper distribution Freeman received was a salary. The term "distribution" would not include a salary, Va. Code § 13.1-603, but Freeman does not raise this.

*Demurrer*

## A. *Parties to the Contract*

Bessant's contract for the purchase of the home was with only Dey Street. The demurrer of Freeman Homes and Freeman to the claim for breach of contract is sustained.

## B. *Merger by Deed*

Dey Street demurs to Bessant's breach of contract claim arguing that its obligations in paragraphs 3 and 17A regarding its performance were merged into the deed pursuant to paragraph 8, which clearly provides:

> Except as expressly provided in writing, representations and warranties made by Seller herein and all other provisions of the Agreement shall be deemed merged into the deed delivered at Settlement and shall not survive Settlement, unless otherwise provided herein.

In opposing the demurrer, Bessant relies on the rule that provisions of a contract for the purchase of real estate collateral to title are not merged in the deed. *Davis v. Tazewell Place Assoc.*, 245 Va. 257, 492 S.E.2d 162 (1997). Dey Street distinguishes *Davis* because here the parties contractually agreed to the merger by deed. Were I writing on a blank slate, I might agree with Dey Street because, by the common law of contracts, parties may limit their remedies. However, in two recent cases, the Supreme Court refused to apply the now "disfavored" doctrine of merger by deed even when the parties included it in the contract. *Abi-Najm v. Concord Condominiums, L.L.C.*, 280 Va. 350, 699 S.E.2d 483 (2010); *Beck v. Smith*, 260 Va. 452, 538 S.E.2d 312 (2000). I overrule the demurrer on this ground.

## C. *Va. Code § 13.1-692*

I sustain the demurrer to this claim because no facts have been pleaded. The allegations of paragraphs 33-35 of the amended complaints are all "upon information and belief." Rule 1:4(d) requires a party to state the "facts," not the hopes and hunches, on which he relies.

I deny Newman leave to amend as he cannot be a "creditor" of Dey Street as all of his claims arising out of the purchase of the house are now barred and for the reason stated above. Leave to amend ought not be granted if it would be futile.

## D. *Specific Performance and Consequential Damages*

Bessant has prayed for damages to cure the defects in the home, consequential damages, and specific performance to compel Dey Street to make the repairs. Where there is an adequate remedy at law, i.e., damages,

the plaintiff may not seek an equitable remedy. *Yancey v. Fenwick*, 4 Hen. & M. (14 Va.) 423 (1809). To prove his case, Bessant will likely call a contractor or architect as a witness to testify about the defects and the cost of repair — an adequate remedy. I sustain the demurrer to the claim for specific performance.

Dey Street also demurs to the claim of consequential damages. Whether Bessant may recover such damages may turn on the evidence adduced at trial. *Roanoke Hosp. v. Doyle and Russell*, 215 Va. 796, 214 S.E.2d 155 (1975). I overrule the demurrer to consequential damages.

### E. *Piercing the Corporate Veil*

I stated at the hearing that insufficient facts were pleaded to support this claim, and I sustain the demurrer.