COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges Malveaux and Raphael
Argued by videoconference


RONTRELL DAQUON WILLIAMS

                                        MEMORANDUM OPINION* BY
v.        Record No. 1624-23-1          JUDGE MARY BENNETT MALVEAUX
                                        FEBRUARY 25, 2025

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Andrew D. Kubovcik, Judge

Robert L. Wegman (The Law Office of Robert L. Wegman, P.L.C.,
on brief), for appellant.

Timothy J. Huffstutter, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


A jury convicted Rontrell Daquon Williams ("appellant") of possession of cocaine with

intent to distribute, second offense, in violation of Code § 18.2-248(C); possession of a firearm

while possessing cocaine with intent to distribute, in violation of Code § 18.2-308.4(C); and

driving without a license, in violation of Code § 46.2-300.  In a related proceeding, the trial court

convicted appellant of possession of a firearm by a non-violent felon, in violation of Code

§ 18.2-308.2(A).  On appeal, he argues that the trial court erred in admitting certain items of

evidence, asserts that the court erred in allowing the Commonwealth to ask the venire whether

their family or friends had experience with drug sales, and challenges the sufficiency of the

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

evidence to support his convictions.  For the following reasons, we affirm the judgment of the trial court.[1]

## I.  BACKGROUND

"Under familiar principles of appellate review, we will state 'the evidence in the light most favorable to the Commonwealth, [as] the prevailing party in the trial court.'"  *Lee v. Commonwealth*, 80 Va. App. 694, 697 (2024) (alteration in original).  "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'"  *Barrow v. Commonwealth*, 81 Va. App. 535, 539 (2024) (quoting *Griffin v. Commonwealth*, 80 Va. App. 84, 87-88 (2024)).

### A.  The Police Stop

Detective Aaron Gosnell and Officer Austin Holmes of the Chesapeake Police Department were patrolling a high crime area on the evening of January 15-16, 2021.  They saw a car run a stop sign and continue through a residential area at high speed.  Before they could catch up, the car pulled into a residential address and its occupants left the car and entered the house.  Surveilling the house, Gosnell and Holmes saw people engaging in "countersurveillance" by looking out through the blinds, as well as walking out of the house briefly before going back inside.  They later saw a person leave the house, get into the car, and drive away.  Gosnell and

---

[1] Appellant also assigns error to the trial court's failure to suppress all evidence obtained from a police search of his vehicle because "Code § 46.2-1003 should be applied retroactively." He acknowledges, however, that this Court held otherwise in *Street v. Commonwealth*, 75 Va. App. 298 (2022), and *Montgomery v. Commonwealth*, 75 Va. App. 182 (2022), and states that "this issue is moot and will not be discussed further."  Because appellant has abandoned this assignment of error, we will not consider it.  *See* Rule 5A:20(e) (requiring an opening brief to contain "the argument (including principles of law and authorities) relating to each assignment of error"); *Muhammad v. Commonwealth*, 269 Va. 451, 478 (2005) ("Failure to adequately brief an assignment of error is considered a waiver.").

Holmes informed a nearby colleague, Officer Donavan Moorman, that the car had committed traffic infractions and had defective license plate lights. Moorman pulled the car over.

When Moorman approached the car, its windows were open and "a strong odor of burnt marijuana" was detectable. The driver, appellant, was on speakerphone with a woman, Tiana Freeman. At one point, appellant admitted to Moorman he had "smoked earlier."

Appellant told police the car belonged to Freeman. Moorman asked appellant for his driver's license and registration. Appellant gave Moorman his state identification, and asked Freeman where the registration was located. She indicated it was in the glove box. Appellant unlocked the glove box and rummaged inside, pushing some items further in but not looking at or pulling out anything. Appellant never produced the registration. In the meantime, Gosnell discovered through DMV records that appellant had no driver's license.

Moorman asked appellant to exit the car, which he did. Officer Kirby Standridge then arrived with a narcotics K-9 dog. The dog alerted to the right front wheel well. As a result of the dog sniff and Moorman's detection of a marijuana smell, the officers searched the car. Appellant "became very upset" about the prospect of the search. Upon opening the driver's side door, police immediately found a plastic baggie containing two bags of a white powdery substance in the driver's side door pocket, along with a small bag of marijuana.

Police handcuffed appellant and searched him. In his right rear pants pocket, they discovered an empty "white corner baggie," as well as a small bag that appellant admitted contained marijuana. They also found clothing in the trunk, a loaded .22 caliber gun in the glove box, a box of .22 caliber ammunition in the center console, next to appellant's wallet containing his identification card and bank card, and a concealable holster under the driver's seat. Appellant said the clothing belonged to him, but maintained he had "nothing to do with a firearm."

B.  Motion *in Limine*

Prior to trial, appellant filed a motion *in limine* asking the trial court to exclude certain "statements and actions made by [appellant]" because they were "inadmissible hearsay and/or are inadmissible because the probative value is far outweighed by their prejudicial effects."  He objected to the admission of "certain portions of . . . videos and audios," highlighting eight items of evidence labeled (a) through (h).[2]

Relevant to this appeal, appellant moved for the exclusion of Item (c), Moorman's body camera video footage, wherein appellant accused police of being "aggressive," complained that he was being "slammed around," asserted that the police "don't want nothing good happening for nobody," and repeated, "just take me to jail."  This interaction occurred as police began searching the car and found the bags of suspected narcotics and marijuana in the driver's side door.  Appellant argued at the motion hearing that the footage would "inflame[] the passions of the jury" and was not relevant.  The trial court denied the motion as to Item (c).

Appellant also moved to exclude Item (g), a jail call recording wherein appellant's girlfriend stated, "I'm pretty sure if [] would have left that gun there, it wouldn't have been all that . . . ."  Appellant argued that the recording should not be admitted due to its "poor quality." The trial court denied the motion as to Item (g).

C.  Voir Dire

The Commonwealth submitted proposed venire questions, one of which stated: "Ultimately, you'll hear that cocaine was recovered from the car, in an amount that is not consistent with personal use.  Does anyone have any experience with friends or family, really anyone in your life, selling drugs?"  Appellant objected to the question, arguing that there was no

---

[2] Appellant later withdrew his objection to Items (a), (f), and (h).

allegation that appellant "actually sold drugs" and the question therefore did not "go to the offense for which he was charged." The trial court overruled the objection.

## D. Trial Proceedings

At trial, the Commonwealth introduced as Exhibit 2 a copy of a 2016 sentencing order, as relevant to the "prior offense" element of appellant's charge of possession under Code § 18.2-248(C). The sentencing order showed appellant's prior conviction for distribution of cocaine, and reflected that another charge for conspiracy to distribute a controlled substance, in violation of Code § 18.2-256, had been nolle prossed. The order mistakenly listed the code section for the distribution offense as "18.2-256," the code section for conspiracy:

```
        On April 18, 2016, the defendant was found guilty of the
following offense(s):

CASE            OFFENSE DESCRIPTION AND       OFFENSE    VA. CODE
NUMBER          INDICATOR (F/M)               DATE       SECTION
                (VCC CODE)

CR1600230-01 Distribution of Cocaine     F    12/11/15   18.2-256
             NAR-3042-F9

     And the following offense(s) were nolle prosequi:

CR1600230-00 Conspire with Another to    F    12/11/15   18.2-256
             Distribute or Possess with
             Intent to Distribute a Schedule
             I or II Controlled substance

     The presentence report was considered and is ordered filed as
a part of the record in this case in accordance with the provisions
of Code Section 19.2-299.
```

Appellant objected to Exhibit 2, arguing that the "predicate offense" for the charge of possessing cocaine with intent to distribute, second offense, must fall under Code § 18.2-248 and that the order instead appeared to show a prior conviction for conspiracy under Code § 18.2-256. The trial court overruled the objection.

The Commonwealth also introduced a certificate of forensic analysis showing that one of the bags found in the door panel contained 5.28 grams of cocaine and that no controlled substances had been found in the other bag.

- 5 -

The Commonwealth also played the jail call recordings and body camera footage that had been the subjects of appellant's motion *in limine*. Appellant again noted his objection to the introduction of "all of the phone calls . . . , in addition to parts of the videos."

In one of the call recordings appellant stated, referring to an individual known only as "Man": "you know what's crazy, I kept asking Man could I leave the junk there 'cause I knew it was the police in the alley." In another, appellant said: "Man said that ain't the police. I been watching those cars all night. Man said I couldn't leave the gun there."

In yet another jail call, appellant said, "You know how I do the work" and "if it comes back to nothing." Testifying for the Commonwealth as an expert in narcotics use and distribution, Gosnell explained that the term "work" is "commonly used in lieu of drugs, referencing how someone goes about selling or cutting down drugs" by adding "some nonnarcotic substance . . . of a similar consistency." He further explained how drug distributors often "cut" drugs with these other substances to make a profit. Gosnell opined that the statement "if it comes back to nothing" related to the possibility of lab analysis showing that a substance had been cut, or that no controlled substances were present. He noted that both substances found in the door pocket "appear similar in consistency and nature." Gosnell stated that a user would "almost never" have two separate bags, one containing cocaine and the other with no controlled substance, and would never intentionally purchase something they knew was not a drug. Appellant did not object to any portion of Gosnell's testimony about cutting drugs or the substances used in that process.

Gosnell further opined that 5.28 grams of cocaine was inconsistent with personal use, that the amount had a relatively high street value beyond what a heavy user typically could afford, and that firearms are commonly used in the illegal narcotics trade.

After the Commonwealth rested, appellant moved to strike, arguing that "the evidence doesn't necessarily point to possession with intent to distribute" and he was "not sure there's even a prima facie case on the issue of whether there's simultaneous possession of guns and drugs." Appellant did not advance any sufficiency argument related to the driving charge. The trial court denied both appellant's initial motion to strike and his renewed motion to strike, which he made "on the same grounds."

The jury convicted appellant of possession of cocaine with intent to distribute, second offense, possession of a firearm while possessing cocaine, and driving without a license. In a separate proceeding, the trial court convicted appellant of possession of a firearm by a previously convicted, non-violent felon.

This appeal followed.

## II. ANALYSIS

### A. Venire Question

Appellant argues that the trial court erred by allowing the Commonwealth to ask the venire whether anyone had experience with friends or family selling drugs, because this is "a case of possession with intent to distribute" and "not a distribution case."

In a jury trial, the trial court and counsel for either party have the right to ask prospective jury members "any relevant question to ascertain whether the juror can sit impartially," which "may include whether the person or juror is related to either party, has any interest in the cause, has expressed or formed any opinion, or is sensible of any bias or prejudice therein." Code § 19.2-262.01. "It is well-established that the manner of conducting voir dire, including the exclusion of questions to the venire, is committed to the trial court's discretion," and its rulings on those points are reviewed "only for abuse of that discretion." *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013). "[W]hen a decision is discretionary . . . . 'the court has a range of choice,

- 7 -

and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Id.* at 212-13 (second and third alterations in original) (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

The Commonwealth's question was aimed at identifying any juror with bias or prejudice, two of the factors under Code § 19.2-262.01, related to drug distribution—relevant here, because appellant was charged with possession of cocaine with the intent to distribute it. *See Juniper v. Commonwealth*, 271 Va. 362, 396 (2006) ("[I]f an answer to the question would necessarily disclose, or clearly lead to the disclosure of the statutory factors of relationship, interest, opinion, or prejudice, it must be permitted." (quoting *LeVasseur v. Commonwealth*, 225 Va. 564, 581 (1983), *cert. denied*, 464 U.S. 1063 (1984))). Thus, the trial court did not abuse its discretion in allowing the Commonwealth to ask the venire this question.

## B. Evidentiary Issues

"On appellate review, ordinarily, 'the determination of the admissibility of relevant evidence is within the sound discretion of the trial court subject to the test of abuse of that discretion.'" *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013) (quoting *Beck v. Commonwealth*, 253 Va. 373, 384-85 (1997)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor*, 285 Va. at 212). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019) (quoting *Tynes v. Commonwealth*, 49 Va. App. 17, 21 (2006)).

1.  Motion *in Limine*

Appellant argues that the trial court erred by denying his motion *in limine* to exclude certain statements because they were ambiguous, open to interpretation, and confusing, and their probative value was outweighed by their prejudicial effect.[3]

Under Virginia Rule of Evidence 2:403(a), relevant evidence may be excluded if "the probative value of the evidence is substantially outweighed by . . . the danger of unfair prejudice, or . . . its likelihood of confusing or misleading the trier of fact." "The responsibility for balancing the two considerations rests in the trial court's discretion and we will not disturb the court's determination in the absence of a clear abuse of discretion." *Conley v. Commonwealth*, 74 Va. App. 658, 673 (2022) (quoting *Kenner v. Commonwealth*, 299 Va. 414, 427 (2021)).

---

[3] In his opening brief, appellant only presents argument related to three items of evidence addressed by the motion *in limine*: Items (b), (c), and (g). He has waived this assignment of error as it relates to Items (d) and (e) by failing to present argument about those items. *See* Rule 5A:20(e); *Conley v. Commonwealth*, 74 Va. App. 658, 681 (2022) ("'[W]hen a party's "failure to strictly adhere to the requirements of Rule 5A:20(e)" is significant,' this Court may treat the question as waived." (quoting *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017))).

With respect to Item (b), appellant's argument does not match his assignment of error. His motion *in limine*—and his assignment of error challenging its denial—objected to the admissibility of

> certain portions of . . . videos and audios specifically as follows:
>
>  . . . .
>
> (b) That on or about January 16, 2021, the defendant made a phone call . . . wherein he stated "by all that shit being on it, it shouldn't come back real . . . you hear me . . . you know what I'm talking about, right . . . ."

And his assignment of error asserts that the trial court erred "by denying [his] motion in limine . . . because the statements were ambiguous, open to interpretation, confusing, and the[ir] probative value . . . [was] outweighed by their prejudicial effects." But his argument on brief relates only to Gosnell's testimony about cutting agents, to which he did not object at trial; he does not argue that the statement itself was inadmissible. Therefore, appellant has waived this assignment of error as it relates to Item (b) by failing to address the admissibility of the statement itself. *See* Rule 5A:20(e); *see also Moison v. Commonwealth*, 302 Va. 417, 420 (2023) (noting that an assignment of error "cabins the error" an appellate court can consider).

"The fact that evidence is highly prejudicial to a party's claim or defense, in and of itself, 'is not a proper consideration in applying the balancing test.'" *Id.* (quoting *Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021)). "Rather, relevant evidence will only be excluded if its prejudicial nature *substantially* outweighs its probative value." *Id.* In other words, "[t]o be excluded as unfairly prejudicial, 'the nature of the evidence must be such that it generates such a strong emotional response that it is unlikely that the jury could make a rational evaluation of its proper evidentiary weight.'" *Id.* (emphases omitted) (quoting *Fields*, 73 Va. App. at 672).

### a. Body Camera Footage

As to Item (c), Moorman's body camera video footage, appellant argues that his "statements and . . . interaction with the police" are not relevant to "any fact at issue." This is incorrect. As with many cases involving possession of contraband, here, the Commonwealth had to prove that appellant constructively possessed both cocaine and a firearm. One critical fact in issue was therefore whether appellant was "aware of the presence and character" of those items. *Redmond v. Commonwealth*, 57 Va. App. 254, 264 (2010) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009)). His "acts, statements, or conduct . . . or other facts and circumstances" are relevant to prove that awareness. *Lewis v. Commonwealth*, 76 Va. App. 92, 102 (2022). Appellant's attitude towards police searching his car is probative on that point. A jury could reasonably infer that he did not want the search to occur because he knew he was not supposed to have the contraband that was inside the car. And his combative words, including repeatedly telling police "just take me to jail," further support an inference of guilt. *See Langhorne v. Commonwealth*, 13 Va. App. 97, 102 (1991) ("[I]t is today universally conceded that . . . resistance to arrest . . . and related conduct[] are admissible as evidence of consciousness of guilt, and thus of guilt itself." (quoting *United States v. Ballard*, 423 F.2d 127, 133 (5th Cir. 1970))). Finally, though appellant raises the specter of unfair prejudice, "[e]vidence must

'inflame the passions of the trier of fact, or . . . invite decision based upon a factor unrelated to the elements of the claims and defenses in the pending case' in order to be classified as 'unfairly prejudicial.'" *Fields*, 73 Va. App. at 673 (second alteration in original) (quoting *Lee v. Spoden*, 290 Va. 235, 251 (2015)). That is not the case here, so the trial court did not abuse its discretion in denying the motion *in limine* as to the body camera footage.

### b. *Jail Call Excerpt*

As to Item (g), a statement appellant's girlfriend made to him during a jail call, appellant argues it should not have been admitted "because no one could tell with certainty what was said" after the word "if."

The parties disagreed as to the meaning of the statement at issue, "I'm pretty sure if [] would have left that gun there, it wouldn't have been all that . . . ." Appellant argued to the trial court that while he believed his girlfriend said "he"[4] after "you," it was the Commonwealth's position that she said "you," referring to appellant himself. Appellant maintains the statement was damaging to him if the jury heard "you," but concedes it may have been less incriminating if the jury heard "he."

Whether "he" or "you" followed the word "if" is an issue of fact—the exact type of issue that is for the jury to decide. *Cf. Commonwealth v. Barney*, 302 Va. 84, 97 (2023) ("The factfinder 'views video and other evidence to determine what it believes happened.'" (quoting *Meade v. Commonwealth*, 74 Va. App. 796, 806 (2022))). And because "[a]ll evidence tending to prove guilt is prejudicial to an accused," *Fields*, 73 Va. App. at 672 (quoting *Powell v. Commonwealth*, 267 Va. 107, 141 (2004)), we find no merit in appellant's argument that the statement is inadmissible simply because it is more incriminating if the jury heard it in a certain way. The statement does not rise to the level of unfair prejudice, such that it "generates such a

---

[4] Appellant maintains on brief that he understood "he" to mean "Man."

strong emotional response that it is unlikely that the jury could make a rational evaluation of its proper evidentiary weight." *Id.* at 673 (emphases omitted). And appellant ignores the fact that the statement is potentially incriminating no matter which pronoun followed "if": regardless of who could have left the firearm elsewhere, it ultimately was found in a car driven and solely occupied by appellant. Appellant's guilt with respect to the firearm charges is determined not based on where the gun could have or should have been, but where it was at the time of the search. Thus, the trial court did not abuse its discretion in denying the motion *in limine* as to Item (g).

### 2. Prior Conviction Order

Appellant argues that the trial court erred in admitting Exhibit 2 because, since it mistakenly lists the incorrect code section for the distribution offense, it "says he was convicted of two things—conspiracy to distribute a Schedule I/II substance, and . . . [d]istribution of [c]ocaine."[5]

"[P]rior convictions may be proved by any competent evidence." *Smith v. Commonwealth*, 78 Va. App. 371, 387 (2023) (quoting *Farmer v. Commonwealth*, 62 Va. App. 285, 290 (2013)). "Evidence is competent for purposes of proving a prior conviction when that

---

[5] Appellant cites an unpublished decision of this Court, *Parsons v. Commonwealth*, No. 0269-15-1 (Va. Ct. App. Apr. 12, 2016), in support of his position, but that case is inapposite. In that case, Parsons introduced documents purporting to rebut the Commonwealth's evidence that he previously had been convicted of violating Code § 18.2-266, including certified copies of an arrest warrant and conviction order, arguing that his evidence proved that he had been convicted under a different statute. *Id.*, slip op. at 3. Though acknowledging Parsons's documents, the trial court found that the Commonwealth's exhibits established beyond a reasonable doubt that Parsons had been convicted under Code § 18.2-266 and that the Commonwealth's exhibits were "the appropriate measure since it is the true record of the court of what actually took place." *Id.* at 6. We affirmed the trial court's judgment, holding that, "[b]ecause the conviction order is the dispositive document to determine the crime of conviction, the factfinder was not required to allow [Parsons's] other documents to supplant it." *Id.* at 9. Here, the evidence at issue is the Commonwealth's own evidence, not appellant's rebuttal evidence, as in *Parsons*. And in *Parsons*, we ultimately affirmed rather than reversed the trial court's decision to accept the Commonwealth's evidence. Accordingly, *Parsons* does not support appellant's argument.

evidence requires '[n]o conjecture or surmise . . . to reach [the] conclusion' that the defendant had indeed been convicted of the predicate offense or offenses." *Farmer*, 62 Va. App. at 290 (alterations in original) (quoting *Perez v. Commonwealth*, 274 Va. 724, 730 (2007)). The Commonwealth satisfies this burden

> when it produces a properly certified conviction from a court of competent jurisdiction which appears on its face to be a valid final judgment, provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is evidence establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding.

*James v. Commonwealth*, 18 Va. App. 746, 752 (1994). A "presumption of regularity . . . attends [a] prior conviction because 'every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears.'" *Farmer*, 62 Va. App. at 289-90 (quoting *Nicely v. Commonwealth*, 25 Va. App. 579, 584 (1997)). But appellate courts have found the evidence of a prior conviction insufficient when it was ambiguous enough to require the factfinder to engage in "conjecture or surmise" to find, beyond a reasonable doubt, that the defendant had incurred a relevant prior conviction. *Id.* at 290.

In this case, the jury was not required to speculate to find beyond a reasonable doubt that appellant had previously been convicted of distribution of cocaine. Exhibit 2, the 2016 sentencing order, indicates that appellant was "found guilty of the following offense(s): . . . Distribution of Cocaine . . . And the following offense(s) were **nolle prosequi**: . . . Conspire with Another to Distribute or Possess with Intent to Distribute a Schedule I or II Controlled Substance." Though the relevant "Va. Code Section" is erroneously listed as the same for each offense, the separate offenses are listed in separate subsections of the sentencing order, their case numbers and offense dates are different, and the offense for which appellant was convicted has the relevant VCC Code listed directly below the offense description. Thus, appellant's contention that Exhibit 2 "says [appellant] was convicted of two things" is incorrect. It clearly

- 13 -

denotes that he was convicted of the distribution offense, and in bold type, it says that the conspiracy charge was nolle prossed. The scrivener's error respecting the code sections does not mean the jury had to speculate to find, beyond a reasonable doubt, that appellant had been convicted for distributing cocaine.

## C. Sufficiency of the Evidence

Appellant argues that the evidence was insufficient to prove "each charge."[6]

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

---

[6] Because appellant did not challenge the sufficiency of the evidence with respect to the driving conviction at trial, to the extent this assignment of error addresses that issue, it is waived. Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."); *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc) ("Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.").

1. <u>Possession of Cocaine with Intent to Distribute</u>[7]

Appellant does not dispute that he possessed cocaine, but asserts that the Commonwealth failed to prove he had the intent to distribute it, highlighting the absence of "typical factors" such as large amounts of cash, drug paraphernalia, or "communication records suggesting illicit transactions."

"Absent a direct admission by the defendant, intent to distribute must necessarily be proved by circumstantial evidence." *Holloway v. Commonwealth*, 57 Va. App. 658, 666 (2011) (en banc). Such circumstantial evidence that may be probative of the intent to distribute "includes: 'the quantity of the drugs seized, the manner in which they are packaged, and the presence of an unusual amount of cash, equipment related to drug distribution, or firearms,' and whether the quantity of drugs was 'inconsistent with personal use.'" *Cole v. Commonwealth*, 294 Va. 342, 361 (2017) (quoting *McCain v. Commonwealth*, 261 Va. 483, 493 (2001)). In addition, "'expert testimony, usually that of a police officer,' is one factor or circumstance which the fact finder may consider in determining whether drugs were possessed with intent to distribute." *Askew v. Commonwealth*, 40 Va. App. 104, 110 (2003) (quoting *Shackleford v. Commonwealth*, 32 Va. App. 307, 327 (2000)). While the Commonwealth need not present evidence of all the factors, "the totality of the circumstantial evidence must exclude the reasonable hypothesis of possession for personal use." *Holloway*, 57 Va. App. at 667.

---

[7] In his motion to strike, appellant asserted that "the evidence doesn't necessarily point to possession with intent to distribute" and that he was not "sure there's even a prima facie case on the issue of whether there's simultaneous possession of guns and drugs." But the extent of his sufficiency argument on brief, with respect to possession of cocaine, is that the Commonwealth failed to prove intent to distribute. So to the extent appellant's assignment of error addresses his conviction for possession of a firearm while possessing cocaine with intent to distribute, appellant has waived that issue by failing to present relevant argument in his brief. *See* Rule 5A:20(e); *Muhammad*, 269 Va. at 478. Thus, we will not consider that issue here, and we address sufficiency only with respect to (1) the intent element of possession of cocaine with intent to distribute, and (2) possession of a firearm.

Here, the evidence was sufficient to show that appellant possessed the cocaine with the requisite intent to distribute. Gosnell testified that 5.28 grams of cocaine was "inconsistent with personal use" and that a heavy user typically could not afford to possess that amount at one time. Noting that appellant possessed two similar substances, one of which was cocaine and the other containing no controlled substances, Gosnell testified that while drug distributors often "cut" drugs with nonnarcotic substances of similar consistency to make a profit, a user would "almost never" carry both cocaine and a cutting agent. Based on Gosnell's testimony, appellant's statement "you know how I do the work" contains terms commonly used in the drug industry to refer to "selling or cutting down drugs." And appellant's statement "if it comes back to nothing" highlights his awareness that lab analysis could show no controlled substances present, allowing the factfinder to reasonably infer that he knew the substance had been cut for the purpose of distribution. Though other factors such as large amounts of cash and drug paraphernalia were not found in the car, the Commonwealth did not need to show all these factors, simply enough to exclude the hypothesis of possession for personal use only. *See Holloway*, 57 Va. App. at 667. Accordingly, viewed in the light most favorable to the Commonwealth, the evidence was sufficient to prove appellant possessed cocaine with the intent to distribute it.

2. Possession of a Firearm

With respect to his firearm convictions, appellant asserts that the Commonwealth failed to "definitively link" him to the firearm.

Code § 18.2-308.4(C) provides, in relevant part, that "[i]t shall be unlawful for any person to possess, use, or attempt to use any pistol, shotgun, rifle, or other firearm . . . while committing or attempting to commit . . . the possession with the intent to manufacture, sell, or distribute" a Schedule I or II controlled substance. Additionally, Code § 18.2-308.2(A) makes it unlawful "for . . . any person who has been convicted of a felony . . . to knowingly and

intentionally possess . . . any firearm or ammunition for a firearm." "A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary." *Redmond*, 57 Va. App. at 264 (quoting *Smallwood*, 278 Va. at 630). To establish constructive possession, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." *Id.* (quoting *Smallwood*, 278 Va. at 630). "[T]he issue [of what constitutes constructive possession] is largely a factual one and must be established by evidence of the acts, declarations and conduct of the accused." *Smallwood*, 278 Va. at 630 (second alteration in original) (quoting *Ritter v. Commonwealth*, 210 Va. 732, 743 (1970)).

Here, appellant's words and actions show his awareness of the presence and character of the firearm. While ostensibly searching for the car's registration in the glove box, where the firearm was located, he did not actually look at anything or take anything out but instead pushed items further inside the glove box. The jury could reasonably infer from this conduct that appellant was attempting to hide the firearm from view. And appellant became "very upset" at the prospect of the police searching the car, indicating his awareness that it contained contraband. Appellant's jail calls also indicated this awareness: he wanted to leave the firearm at Man's house because he knew the police were watching him, and he didn't want to be caught with the firearm in his possession.

Appellant argues that Freeman was the "established" owner of the firearm. But he conflates ownership and possession. While ownership of a firearm is relevant to the possession inquiry, "it is not dispositive." *Smallwood*, 278 Va. at 631. Rather, "[p]ossession and not ownership is the vital issue." *Id.* (quoting *Burnette v. Commonwealth*, 194 Va. 785, 792 (1953)).

- 17 -

And "possession need not always be exclusive. The defendant may share it with one or more [persons]." *Id.* at 630 (quoting *Ritter*, 210 Va. at 741). Contrary to appellant's argument, the evidence does not conclusively establish that Freeman is the firearm's owner. And even if that were true, her ownership is not mutually exclusive with appellant's possession. Appellant was the sole occupant of the car, and occupancy of a location where contraband is found "is a circumstance that may be considered together with other evidence tending to prove that the . . . occupant exercised dominion and control over items" located there. *Redmond*, 57 Va. App. at 265 (quoting *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992)). The firearm was in a locked glove box, for which appellant had the key, located within his arm's reach. The car also contained other items belonging to appellant: his clothing was in the trunk, and the firearm's ammunition was next to a wallet containing his identification card and bank card. A holster was under the seat where he was sitting. All these circumstances point to appellant as the individual exercising dominion and control over the firearm. As such, the evidence was sufficient to prove that appellant unlawfully possessed a firearm as a convicted felon, at the same time he possessed cocaine with intent to distribute.

### III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*